SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HOUSTON BIGELOW,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **WASHINGTON HOSPITAL CENTER CORPORATION,** *et al.*, <br><br> Defendants. | Civil Action No. 10-cv-1471 (RLW) |

**MEMORANDUM OPINION**[1]

Plaintiff Houston Bigelow ("Bigelow"), in both his individual capacity and as the personal representative of the estate of Mary Bigelow, filed this medical malpractice and wrongful death action against Defendant Washington Hospital Center ("WHC"), as well as Defendants Elwin Bustos, M.D. and Doris Pablo-Bustos, M.D. (the "Bustos Defendants"), based on the medical treatment that Mary Bigelow received at WHC in September 2008.[2] Bigelow has since reached a settlement with WHC, and WHC now seeks to be dismissed from this action, which would leave the Bustos Defendants as the sole remaining defendants. At the same time,

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or, alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* FED. R. APP. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

[2] Bigelow subsequently dismissed his wrongful death claim from this action, leaving only the medical malpractice claim advanced through Count I. (Dkt. No. 61).

the Bustos Defendants request that, following trial in this matter, the Court make a determination as to WHC's negligence, in order to preserve their ability to claim a *pro rata* credit against any potential judgment that might be rendered against them.

Presently before the Court are: (1) the Bustos Defendants' Motion for Judicial Determination of Joint Tortfeasor Status of Defendant WHC (Dkt. No. 78); (2) the Bustos Defendants' Motion for Leave to File an Amended Answer (Dkt. No. 79); and (3) WHC's Motion for Dismissal (Dkt. No. 82). Having carefully considered the parties' respective filings, and for the reasons set forth herein, the Court will **GRANT** the Bustos Defendants' motions and will **DENY WITHOUT PREJUDICE** WHC's motion for dismissal.

## ANALYSIS

The parties' recent flurry of filings all stem from a single, albeit significant, development in this case: Bigelow and WHC reached a settlement of Bigelow's claims against WHC. Not surprisingly, the terms of that settlement included an agreement that Bigelow would dismiss WHC from this action, in exchange for payment of some amount of monetary consideration. But to accomplish WHC's dismissal by stipulation under Federal Rule of Civil Procedure 41(a), all of the parties who have appeared in the action must consent and sign the stipulation, FED. R. CIV. P. 41(a)(1)(A)(ii), and it appears that the Bustos Defendants were not willing to consent to WHC's dismissal—at least not until they preserve their ability to seek a *pro rata* offset against any future judgment based on WHC's potential liability as a joint tortfeasor. The Bustos Defendants ultimately filed a motion with the Court seeking such relief, which, in turn, led WHC to file its own motion requesting dismissal from the case, in view of its settlement with Bigelow. As the only remaining obstacle to WHC's dismissal appears to be the issue of whether the Bustos

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

Defendants can properly request a determination as to WHC's liability without filing a formal cross-claim, the Court will tackle that issue first.

Under District of Columbia law, "if a verdict is obtained against a nonsettling tortfeasor and it is also determined that the settling tortfeasor should contribute, the non-settling tortfeasor is liable only for one-half of the verdict, *i.e.*, a pro rata portion of the judgment." *Gilberg v. MetLife, Inc.*, 734 F. Supp. 2d 5, 7-8 (D.D.C. 2010) (citing *Martello v. Hawley*, 300 F.2d 721, 724 (D.C. Cir. 1962)).[3] To this end, the D.C. Court of Appeals has explained that non-settling defendants can preserve and safeguard their claim for a *pro rata* credit in one of two ways—"by asserting a cross-claim for contribution . . . <u>or</u> an equivalent request for a determination by the jury of the settling defendants' negligence." *Washington v. Wash. Hosp. Ctr.*, 579 A.2d 177, 188 (D.C. 1990) (emphasis added). This latter approach is precisely what the Bustos Defendants propose here. Notably, WHC—the settling defendant in this case—does not oppose this approach and "takes no position" with respect to the Bustos Defendants' requested relief. (Dkt. No. 81 at 2). Bigelow, on the other hand, argues that the Bustos Defendants cannot proceed in this fashion, but should instead be required to file a cross-claim or a third-party claim for contribution against WHC. (*See* Dkt. No. 84). The Court disagrees.

It is well settled that "a defendant <u>need not have filed a crossclaim against the settling defendant</u> to preserve the right to a pro rata credit as long as the jury determines the liability of the settling party." *District of Columbia v. Shannon*, 696 A.2d 1359, 1367 (D.C. 1997) (emphasis added). Stated differently, "provided a plaintiff has adequate notice[,] a special interrogatory requesting the jury to determine the liability of a settling defendant will suffice to

---

[3] This type of *pro rata* offset or reduction is sometimes referred to as a "*Martello* credit." On the other hand, if "a trier of fact has exonerated the settling defendant, only pro tanto (the amount of the settlement) reduction is available." *Hall v. General Motors Corp.*, 647 F.2d 175, 184 (D.C. 1980) (citing *Snowden v. D.C. Transit Sys.*, 454 F.2d 1047 (D.C. Cir. 1971)).

preserve a nonsettling defendant's pro rata credit for the settler's imputed share of the jury's assessment of total liability." *Id.*; *see also Paul v. Bier*, 758 A.2d 40, 45 (D.C. 2000). To require otherwise, and to force a non-settling defendant to bring a settling defendant back into a lawsuit through a cross-claim, "would seriously undermine the incentive of parties to settle their claims." *Gilberg*, 734 F. Supp. 2d at 8; *Farmer v. Mt. Vernon Realty, Inc.*, 720 F. Supp. 223, 225 (D.D.C. 1989). Such is the case here. In settling with Bigelow, WHC "bought its peace." *Martello*, 300 F.2d at 724. Forcing the Bustos Defendants to now file a cross-claim against WHC to preserve their right to a *pro rata* credit on any future liability determination, as Bigelow urges, would substantially prejudice WHC—which would be forced to expend substantial time and expense in continuing to defend against claims it has settled—and would seriously undermine the important public policy favoring the efficient settlement of claims.

Bigelow's remaining arguments are equally unconvincing. First, Bigelow points to similar malpractice case being litigated by his attorneys, in which the non-settling defendant filed a cross-claim against the settling defendant to preserve its right to a contribution claim. But simply because that defendant chose to proceed by way of a cross-claim—in lieu of requesting a determination by the jury of the settling defendant's negligence—does not mean that the Bustos Defendants cannot opt to proceed differently and pursue that alternative approach here. Additionally, Bigelow suggests that he will be prejudiced if the Bustos Defendants are not required to file a cross-claim because he was never informed in discovery that they contended WHC was a joint tortfeasor. (Dkt. No. 84 at 5). But Bigelow's Amended Complaint itself expressly alleges that WHC and the Bustos Defendants are "liable to him jointly and severally," (Am. Compl. at ¶ 40), which tends to undermine the notion that he is now somehow surprised by this development. In any event, given the procedural posture of this case, permitting Bustos

Defendants to ultimately submit the question of WHC's potential joint liability to the trier of fact will not prejudice Bigelow. Magistrate Judge Robinson recently extended the discovery period as between Bigelow and the Bustos Defendants through April 2013, (*see* Dkt. No. 76), which will allow Bigelow and/or the Bustos Defendants to conduct any additional discovery they believe might be necessary in light of these developments. In addition, since no trial date has been set, the parties will have ample opportunity to tailor their claims and defenses accordingly. Simply put, the Bustos Defendants' motion provides Bigelow with more than fair notice that they intend to seek a *pro rata* credit against any potential verdict, thereby obviating any potential prejudice toward Bigelow. *See Washington*, 579 A.2d at 188 ("[A] plaintiff facing possible application of a *Martello* credit should have fair notice that the non-settling defendant plans to seek a pro rata reduction of the verdict on the ground that his settling counterparts were negligent, and an opportunity to build a rebuttal case.").

Accordingly, in the event that the jury ultimately finds the Bustos Defendants liable in this case, the Court grants the Bustos Defendants' request to have the jury also determine, through a special verdict form, whether WHC should also be found liable.[4]

The Bustos Defendants also seek leave to amend their Answer to expressly assert an additional affirmative defense: that they "assert that the Defendants named in Plaintiffs' Amended Complaint are joint tortfeasors and, in the event of a jury verdict for the Plaintiffs and against one or more of them, [the Bustos Defendants] reserve the right to seek a *pro rata* reduction upon settlement by any Defendant." (Dkt. No. 79 at 2). Under Federal Rule of Civil Procedure 15(a), leave to amend should be "freely given" absent "any apparent or declared

---

[4] While the Bustos Defendants actually request a "judicial determination" as to WHC's joint tortfeasor status, the Court believes that the question is more properly decided by a jury than by the Court.

reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Davis v. Liberty Mutual Ins. Co.*, 276 U.S. App. D.C. 394, 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments."). Bigelow does not expressly oppose the Bustos Defendants' request to amend, and even if the Court were to construe Bigelow's earlier arguments as an opposition to the Bustos Defendants' motion to amend as well, those arguments are unconvincing for the reasons already stated. Accordingly, the Court will permit the Bustos Defendants to amend their Answer to assert their additional affirmative defense.

With those issues resolved, only WHC's motion to dismiss remains. However, the Court expects that its resolution of the above issues should enable the parties to overcome their present impasse in reaching a stipulation for WHC's dismissal from this case under Federal Rule 41(a).[5] At this juncture, therefore, the Court will deny WHC's motion without prejudice. The parties are directed to further meet and confer, and to submit, by no later than January 4, 2013, either: (a) a stipulation dismissing WHC from this action, or (b) a joint status report summarizing any remaining impediments to such an outcome.

---

[5] According to WHC, the Bustos Defendants would not consent to WHC's dismissal "until such time that that the joint tortfeasor status was resolved as to Washington Hospital Center." (Dkt. No. 82 at 2). Similarly, in his "Opposition" to WHC's Motion to Dismiss, Bigelow asserted that WHC's dismissal was premature because the Court should rule on the Bustos Defendants' motion before dismissing WHC as a settling defendant. (*See* Dkt. No. 86).

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION
IN THE OFFICIAL REPORTERS

## **CONCLUSION**

For the foregoing reasons, the Bustos Defendants' Motion for a Determination of WHC's Joint Tortfeasor Status and Motion for Leave to File an Amended Answer are GRANTED, and WHC's Motion to Dismiss is DENIED WITHOUT PREJUDICE. An Order accompanies this Memorandum Opinion.

Date: December 21, 2012

ROBERT L. WILKINS
United States District Judge