UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Houston Bigelow, Individually, and<br>as P.R. of the Estate of Mary Bigelow,<br>Deceased, | *<br>*<br>*<br>* | |
| Plaintiffs, | *<br>* | Case No.: 1001471-RLW<br>Judge Robert L. Wilkins |
| v. | *<br>* | |
| Elwin Bustos, M.D., et al., | *<br>* | |
| Defendants. | * | |

### DEFENDANT DORIS PABLO-BUSTOS, M.D.'S MOTION TO DISMISS THE PLAINTIFF'S CLAIMS FOR FAILURE TO COMPLY WITH D.C. CODE § 16-2801, *et seq.*

**COMES NOW** the Defendant, Doris Pablo-Bustos, M.D., by and through her counsel, Edward A. Gonsalves, Esquire, Nicholas G. Hallenbeck, Esquire, and the law firm of ARMSTRONG, DONOHUE, CEPPOS, VAUGHAN, & RHOADES, CHARTERED, and pursuant to the District of Columbia Medical Malpractice Amendment Act, *see* D.C. Code § 16-2801, *et seq.*, Federal Rules of Civil Procedure 7(b), 12(b)(1), 12(b)(4), 12(b)(5), 12(b)(6) and 56, and Local Rule LCvR 7, hereby files this Motion to Dismiss the Plaintiff's Complaint and Claims against Defendant Doris Pablo-Bustos, M.D., for Plaintiff's failure to comply with mandatory provisions of the District of Columbia law prior to filing the Complaint underlying this matter. As grounds in support of this Motion, the Defendant Doris Pablo-Bustos, M.D. respectfully states, as follows:

1. This case involves allegations of medical negligence against healthcare providers Washington Hospital Center, Elwin Bustos, M.D. and Doris Pablo-Bustos, M.D. from September 3, 2008 – October 30, 2008, and therefore, is subject to the District of Columbia's Medical Malpractice Amendment Act, codified at D.C. Code § 16-2801, *et seq.*

*See* Exhibit A – Amended Complaint at page 2 (alleging "Medical Malpractice, Survival and Wrongful Death"), page 3 (alleging "Medical Negligence Involving All Defendants") and page 12 (alleging "Wrongful Death Involving All Defendants"); D.C. Code § 16-2802(c) ("A legal action alleging medical malpractice shall not be commenced in the court unless the requirements of this section have been satisfied."); *and Carmichael v. West*, 2012 U.S. Dist. LEXIS 104661, *10 (D.D.C. 2012) ("D.C. Code § 16-2802 is applicable to actions filed pursuant to the diversity jurisdiction of federal courts.").

2. In this Court, therefore, a plaintiff in an action involving allegations of medical negligence must first serve each "intended defendant" with a "Notice of Intention to File Suit" that describes the "legal basis for the claim and the type and extent of the loss sustained, including information regarding the injuries suffered," at least 90 days before filing a Complaint in this Court. *See* D.C. Code § 16-2802(a)-(b).

3. The 90-Day Notice requirement is a mandatory condition precedent to the filing of a medical malpractice claim in this Court, and it is necessary to establish subject matter jurisdiction, or to state a claim upon which relief can be granted.[1] *See D.C. Code* § 16-2802(a)-(c) ("[A potential plaintiff] *shall* notify the intended defendant of his or her action not less than 90 days prior to filing the action….A legal action alleging medical malpractice *shall not* be commenced in the court unless the requirements of this section have been satisfied.") (emphasis

---

[1] The "majority of courts" have reviewed this issue in the context of a Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). *See Carmichael v. West,* 2012 U.S. Dist. LEXIS 104611, *18-19 (2012) ("[T]he majority of courts to have considered this issue [have held] that non-compliance with § 16-2802(a) is a defect in subject-matter jurisdiction."). A minority of courts have reviewed this issue in the context of a Motion to Dismiss for Failure to State a Claim upon which relief can be granted, pursuant to Rule 12(b)(6). *See e.g., Diffenderfer v. U.S.*, 656 F. Supp. 2d 137, 139 (D.D.C. 2009) ("Clearly, under the MMPA, a plaintiff who has not complied with the notice requirement of § 16-2802(a) has not stated a claim upon which relief can be granted."). Out of an abundance of caution, the Defendant, Doris Pablo-Bustos, M.D. hereby seeks the requested relief pursuant to several grounds, including (1) Rule 12(b)(1) (lack of subject matter jurisdiction), (2) Rule 12(b)(6) (failure to state a claim upon which relief can be granted), (3) Rule 12(b)(4) (insufficiency of process), (4) Rule 12(b)(5) (insufficiency of service of process), (5) Rule 56 (summary judgment), and (6) any other grounds deemed appropriate by this Court.

added); *Lacek v. Washington Hosp. Center Corp.*, 978 A.2d 1194 (D.C. 2009) (affirming the Court's dismissal of plaintiff's Complaint for lack of subject matter jurisdiction for plaintiff's failure to comply with the 90-Day Notice requirement); *Coleman v. Washington Hospital Center Corp.*, 734 F. Supp. 2d 58, 60 (D.D.C. 2010) ("The aim of the Act is to bar suits when proper notice is not given…"); *Carmichael v. West*, 2012 U.S. Dist. LEXIS 104661, *17 (D.D.C. 2012) ("non-compliance with the notice provision is a defect in subject-matter jurisdiction"); *Ghee v. Howard University Hospital, Inc.*, 2012 U.S. Dist. LEXIS 103114, *2 (D.D.C. 2012) ("a plaintiff's failure to comply with the MMPA's notice provision deprives this court of subject matter jurisdiction"); *and Brashear v. U.S.*, 847 F. Supp. 2d 41, 44 (D.D.C. 2012) ("[U]nlike with a motion to dismiss under Rule 12(b)(6), the Court 'may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.'") (internal citations and emphasis omitted).

4. In the instant case, the Plaintiff filed a Complaint on August 30, 2010, but did not provide Dr. Doris Pablo-Bustos, a named Defendant in this matter, with 90 days prior notice as required by D.C. Code § 16-28021, *et seq*. *See* Docket Entry #1; *and* Exhibit B – Affidavit of Dr. Doris Pablo-Bustos.

5. Moreover, Dr. Doris Pablo-Bustos, M.D. never received actual notice that she was an intended defendant in the above-referenced action, or that Mary Bigelow or Houston Bigelow intended to file any lawsuit against her. *See* Exhibit B – Affidavit of Dr. Doris Pablo-Bustos. She first became aware of this action against her *after* the Plaintiff had already filed the above-referenced lawsuit. *Id.*

6. Accordingly, the instant case should be dismissed against the Defendant, Doris Pablo-Bustos, M.D. for Plaintiff's failure to comply with D.C. Code § 16-2801, *et seq*.

<u>"Safety valves"</u>

7.      The "strict application of the pre-filing notice requirement" is subject to two "safety valves." *Carmichael v. West*, 2012 U.S. Dist. LEXIS 104661, *9 (D.D.C. 2012). First, "[u]pon a showing of a good faith effort to give the required notice, the court may excuse the failure to give notice within the time prescribed." D.C. Code § 16-2802(a). Second, the Court may "waiv[e] the requirements of D.C. Code § 16-2802 upon a showing of good faith effort to comply or if the interests of justice dictate." D.C. Code § 16-2804(b).

8.      On, or about May 14, 2009, the Plaintiff served the Washington Hospital Center with a document entitled "NOTICE OF INTENTION TO FILE SUIT PURSUANT TO SECTION 16-2802 DISTRICT OF COLUMBIA OFFICIAL CODE" *See* Exhibit C – Notice of Intention to File Suit.

9.      Dr. Doris Pablo-Bustos is not listed as one of the eight apparently intended recipients, and "above-named defendants" in the Notice document, nor is she identified anywhere within the text of the Notice. *See* Exhibit C – Notice of Intention to File Suit.

10.     Accordingly, the Plaintiff has not made a good faith effort to comply with D.C. Code § 16-2802, or to give the required notice to Dr. Doris Pablo-Bustos prior to filing this lawsuit. Moreover, the interests of justice dictate dismissal, not waiver of the requirements of D.C. Code § 16-2802 in this case.

<u>"Good Faith Effort"</u>

11.     The good faith exception outlined in D.C. Code § 16-2802(a) applies only if the potential plaintiff can demonstrate (a) a good faith effort to prepare a 90-day notice that is sufficiently detailed enough to put each "[intended] defendant on notice of the legal basis for the claim and the type and extent of the loss sustained, including information regarding the

injuries suffered," and then, (b) a good faith effort to serve that notice on each intended defendant, at least "at his or her last known address registered with the appropriate licensing authority."  *See* D.C. Code § 16-2802.

12.  Here, assuming *arguendo* that the Plaintiff's notice is sufficiently detailed to put a recipient on notice of (a) the claims against them, (b) the alleged type of loss suffered by the Plaintiff, (c) the alleged extent of loss suffered by the Plaintiff, and (d) the injuries alleged, the Plaintiff still apparently failed to make any effort to personally serve Dr. Doris Pablo-Bustos at her business addresses, home addresses, or anywhere else, with any document notifying her that she was an intended defendant in any legal action.  *See* Exhibit B – Affidavit of Dr. Doris Pablo-Bustos, and Exhibit D - current D.C. Health Professional Licensing Administration for Dr. Doris V. Pablo-Bustos.

13.  When the statute directs where service can be made, failure to even attempt service at that statutorily-indicated location demonstrates a complete absence of any "good faith effort to comply."

14.  Moreover, service on (a) one of several hospitals where the intended defendant provides healthcare, or (b) via an email to Dr. Pablo-Bustos's husband, more than a year later, on the day the complaint is filed falls short of any "good faith" effort to comply.  *See* Exhibit C *and* Exhibit E – August 30, 2010 email from John C. Lowe, Esquire to Elwin Bustos, M.D.

## "Interests of Justice"

15.  The "interests of justice" exception "should be read narrowly and 'applie[d] only to circumstances similar to those enumerated in § 16-2804(a) (such as circumstances where the plaintiff lacks the information necessary to give the required notice).'"  *Carmichael v. West*, 2012 U.S. Dist. LEXIS 104661, *14 (D.D.C. 2012) (internal citation omitted).

16. Additionally, an "interest of justice" analysis requires consideration of the defendants, the public interest, and the purpose of *D.C. Code* § 16-2802, which is to "ensure that the defendant in a medical malpractice action has critical pre-litigation information about the case and an opportunity for mediation *before suit is filed*." *Carmichael v. West*, 2012 U.S. Dist. LEXIS 104661, *14 (D.D.C. 2012) (emphasis added); see also *Id.* at *15 ("The public interest in the remedial purposes of the [Medical Malpractice Act] must also be considered, namely fostering resolution of medical malpractice claims through mediation before triggering the commitment of judicial resources by the filing of a lawsuit.").

17. Here, the "interests of justice" do not tilt towards "waiving the requirements of *D.C. Code* § 16-2802" because (a) Dr. Doris Pablo-Bustos was neither an "unknown" or "unlicensed" defendant, as anticipated by D.C. § 16-2804, (b) the Plaintiff did not address the May 14, 2009 correspondence Dr. Doris Pablo-Bustos, (c) the Plaintiff did not identify Dr. Doris Pablo-Bustos as an intended defendant in the May 14, 2009 correspondence sent to Washington Hospital Center, (d) the Plaintiff apparently made no effort to share the required information with Dr. Doris Pablo-Bustos prior to the day the lawsuit was filed, (e) the Plaintiff's first attempt to alert Dr. Doris Pablo-Bustos appears to have occurred via email to her husband on the afternoon of August 30, 2010, the date the lawsuit was filed, (f) Dr. Doris Pablo-Bustos was deprived of any opportunity to engage in "pre-litigation resolution" of this matter, and (g) the public interest in "fostering resolution… before triggering the commitment of judicial resources" was completely subverted as to Dr. Pablo-Bustos.

18. Here, with "only the scantest indication that the plaintiff engaged in good faith attempts to provide timely notice," this Court should find that "the interests of justice tip in favor of the defendant" and should "not apply §16-2804(b)'s 'interests of justice' exception to

waive compliance with § 16-2802." *See Carmichael v. West*, 2012 U.S. Dist. LEXIS 104661, *15-17 (D.D.C. 2012).

**WHEREFORE**, the Defendant, Doris Pablo-Bustos, M.D., respectfully requests that this Court enter an Order granting her Motion and dismissing the Plaintiff's Complaint and claims against her, and respectfully request such additional relief as this Court may deem appropriate.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS
VAUGHAN & RHOADES, CHTD.**


*/s/ Edward A. Gonsalves*
Edward A. Gonsalves, Esquire (#425160)
eag@adclawfirm.com
Nicholas G. Hallenbeck, Esquire (#992060)
ngh@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, MD  20850
301-251-0440
*Counsel for Defendants Doris V. Pablo-Bustos, M.D. and Elwin Bustos, M.D.*


**POINTS AND AUTHORITIES**

D.C. Code § 16-2801, *et seq*.
Fed. R. Civ. Proc. 7
Fed. R. Civ. Proc. 12
Fed. R. Civ. Proc. 56
Local Rule LCvR 7
*Brashear v. U.S.*, 847 F. Supp. 2d 41 (D.D.C. 2012)
*Carmichael v. West*, 2012 U.S. Dist. LEXIS 104661 (D.D.C. 2012)
*Coleman v. Washington Hospital Center Corp.*, 734 F. Supp. 2d 58 (D.D.C. 2010)
*Diffenderfer v. U.S.* 656 F. Supp. 2d 137 (D.D.C. 2009)
*Ghee v. Howard University Hospital, Inc.*, 2012 U.S. Dist. LEXIS 103114 (D.D.C. 2012)
*Lacek v. Washington Hosp. Center Corp.*, 978 A.2d 1194 (D.C. 2009).

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 20th day of February, 2013, a copy of the foregoing Defendant Doris Pablo-Bustos, M.D.'s Motion to Dismiss, was served via first-class mail, postage prepaid, to:

| | |
|---|---|
| Michael M. Wilson, Esquire<br>1120 19th Street, N.W., LL-11<br>Washington, D.C. 20036<br>*Attorneys for Plaintiffs* | John C. Lowe, Esquire<br>John Lowe, P.C.<br>5920 Searl Terrace<br>Bethesda, MD 20816<br>*Attorneys for Plaintiffs* |

                */s/ Nicholas G. Hallenbeck*
                Nicholas G. Hallenbeck