UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**Houston Bigelow, Individually, and**  )
**As P.R. of the Estate of Mary Bigelow,** )
**Deceased,**                       )
                                    )
    **Plaintiffs,**           )
                                    )   **Case No.: 1:10-cv-01471-RLW**
    v.                       )   **Judge Robert L. Wilkins**
                                    )
**Washington Hospital Center, Inc.** )
**et al.,**                         )
                                    )
    **Defendants.**           )
                                    )
_____ )

**PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANT
DORIS PABLO-BUSTOS, M.D. TO DISMISS HER AS A DEFENDANT**

COME NOW the Plaintiffs, Houston Bigelow, Individually, and as P.R. of the Estate of Mary Bigelow, deceased, by and through their attorneys, Michael M. Wilson and John C. Lowe, and, in support of their Opposition to Defendant Doris Pablo-Bustos, M.D.'s Motion to Dismiss, Document 97, do state as follows:

The Plaintiffs contend that a notice letter was issued that named potential defendants, including Defendant Elwin Bustos, M.D., but inadvertently left off the name of Doris Pablo-Bustos, M.D.  This notice letter, dated May 14th, 2009 and signed by attorney Archie Rich, is attached as Exhibit 1 to this Opposition.  The United States Court of Appeals for the D.C. Circuit has not yet considered the issue of whether the D.C. Notice Provision set forth in D.C. Code Section 16-2802, applies to the federal courts even though it specifically defines "Court" to mean "the Superior Court of the District of Columbia."  D.C. Code Section 16-2801(1).  The term "court" is used in

1

Section 16-2802.  However, this Court has stated that D.C. Code Section 16-2802 does apply to the United States District Court for the District of Columbia.  *Caravetta v. Marefat*, 2012 U.S. Dist. LEXIS 148787 (D.D.C. Wilkins)("Although the Act defines the term 'court' as the Superior Court of the District of Columbia, the Act applies in this Court sitting in diversity, hereinafter referred to as *Caravetta").*

The Plaintiffs hereby assert several defenses to the Motion to Dismiss Doris Pablo-Bustos, M.D. and contend that dismissal of this action would be improper and contrary to D.C. Section 16-2801 *et seq.*, hereinafter referred to as D.C. Notice 16-2801 (the statute section number,16-2801, is added to distinguish this notice provision from the notice required under D.C. Section 12-309).

### 1. Dr. Doris Pablo-Bustos May Have Had Actual Notice

First, we contend that Dr. Doris Pablo-Bustos may have received actual notice that she was an intended defendant in the medical malpractice claims of Mary Bigelow. Although an Affidavit of Dr. Doris Pablo-Bustos is attached as Exhibit B to the Motion, the Affidavit does not foreclose the possibility that Dr. Pablo-Bustos had timely actual notice.  Plaintiffs request an opportunity to depose her and her husband, Dr. Elwin Bustos, on this issue, to inquire as to whether or not he may have discussed this matter with his wife, Dr. Doris Pablo-Bustos.  Plaintiffs' counsel would have gone into this issue in the fact depositions taken earlier in this case, but defense counsel had never claimed that the Plaintiffs failed to comply with D.C. Notice 16-2801.

### 2. The Misnomer Exception Provided in Section 16-2804(a)(3) Applies Under the Circumstances of This Case

Second, the Plaintiffs contend that this case falls in the exception provided in D.C. Notice 16-2801 at §16-2804(a)(3), which states:

> (a) *Section 16-2802* shall not apply to: … (3) Any intended defendant who is identified in the notice by a misnomer.

In this matter, various pages of the medical record contain the name Elwin Bustos as the Attending Physician. See, e.g., Exhibit 2. Defendant Doris Bustos testified at her deposition that this was a mistake, that she should have been listed as the Attending Physician. Exhibit 3. She testified that Defendant Elwin Bustos's name was listed on the medical records as a result of a mix up. *Id.*

Archie Rich, the attorney who prepared and sent the Notice letter attests in a declaration at Exhibit 4 that if he had realized that the medical records were incorrect and the Attending Physician was actually Dr. Doris Pablo-Bustos, he would have named her in the Notice letter. Exhibit 4.

This is exactly the situation addressed by Section 16-2804(a)(3). The intended Defendant was the Attending Physician who was responsible for the care of Plaintiff's Decedent Mary Bigelow. It was not intended that an action would be dismissed pursuant to Section 16-2802 where the Plaintiffs made a good faith effort to issue notice to the Attending Physician identified as such in the medical records, and failed to do so by a misnomer caused by reasonable reliance on the medical records themselves, acknowledged by the Defendants themselves as being in error.

This exception was never addressed by Defendant Doris Pablo-Bustos in her Motion to Dismiss. It is noteworthy that there is no allegation, nor could there be, that the inadvertent misnomer caused Dr. Doris Pablo-Bustos any prejudice. She was

3

represented by the same counsel as her husband and participated without objection in all aspects of the pretrial proceedings up to date.

This Court, in applying D.C. Notice Provision 16-2801 in *Caravetta*, stated:

> Although "[u]pon a showing of a good faith effort to give the required notice, the court may excuse the failure to give notice within the time prescribed," § 16-2802(a), that provision of the Act does not apply here. Here, it is undisputed that Caravetta made no effort to give the required notice.

*Caravetta* at 2. In *Caravetta*, the plaintiff made no effort to provide the requisite notice under §16-2802. Here, it is undisputed that the Plaintiffs did make a good faith attempt to provide notice. The correct notice would have been provided by Plaintiffs if the medical records had not had the admitted error of identifying Dr. Elwin Bustos as the Attending Physician when, in fact, Dr. Doris Pablo-Bustos should have been listed as the Attending Physician.

### 3. The Good Faith Effort Exception Provided in Section 16-2802(a) Applies Under the Circumstances of This Case

D.C. Notice 16-2801 at Section 16-2802(a) provides:

> (a) Upon a showing of a good faith effort to give the required notice, the court may excuse the failure to give notice within the time prescribed.

Defendant Dr. Pablo-Bustos argues in her brief at Pages 4-5 that the Plaintiffs failed to make a good faith effort under 16-2802(a). Defendant Dr. Pablo-Bustos states at Paragraph 11 that:

> 11. The good faith exception outlined in D.C. Code Section 16-2802(a) applies only if the potential plaintiff can demonstrate (a) a good faith effort to prepare a 90-day notice that is sufficient detailed enough to put each "[intended] defendant on notice of the legal basis for the claim and the type and extent of the loss sustained, including information regarding the injuries suffered," and then, (b) a good faith effort on each

>intended defendant, at least "at his or her last known address registered with the appropriate licensing authority."  See D.C. Code Section 16-2802.

Defendant appears to be quoting Section 16-2802, but in fact misrepresented and misquoted Section 16-2802, attempting to cover her misquoting sins with a "See D.C. Code Section 16-2802" citation.

In fact, Section 16-2802 (a) provides in relevant part that:

**(a)  \*\*\*\* Upon a showing of a good faith effort to give the required notice, the court may excuse the failure to give notice within the time prescribed.** [Emphasis added].

Defense counsel's embellishments subparagraphs (a) and (b) of the quoted text on the good faith exemption do not exist within the statue, and are a misstatement of the exemption.  Defense counsel is quoting the requirements of the good faith effort exemption only as defense counsel wishes the statute would read, and not as the statute actually does read.

The issue here is whether or not attorney Archie L. Rich made a good faith effort to give the required notice and comply with the statute.  Mr. Rich has provided an Affidavit attached as Exhibit 4 stating that he did in fact make a good faith effort to comply with D.C. Notice Section 16-2801.  Mr. Rich attempted to give the requisite notice to the Attending Physician.

Defendant's argument (1) misquotes the statute and then tries to cover this with a "see" citation and (2) claims that since the Notice letter that was issued does not contain the name of Dr. Doris Pablo-Bustos, the good faith effort exception does not apply.  In this case, a good faith effort to provide notice to the Attending Physician was

5

made, but the "mix up" in the medical records, listing the name of Elwin Bustos, M.D. as Attending Physician instead of Doris Pablo-Bustos, M.D. caused the notice to contain a misnomer. The Defendants admit that such a mix up in the medical records did occur.

### 4. The "Interests of Justice" Exception under Section 16-2804(b)

Section 16-2804(b) states that "Nothing indicated herein shall prevent the court from waiving the requirements of Section 16-2802 upon a showing of good faith effort to comply or if the interests of justice dictate."

In this case, a good faith effort was made to comply with the statute, under these unusual circumstances of a mix-up in the medical records between Dr. Doris Pablo-Bustos, who should have been listed as the Attending Physician, and Dr. Elwin Bustos, whose name was erroneously listed as Attending Physician.

Additionally, in this case, Defense counsel did not file a Motion to Dismiss in a timely manner, but instead waited for a period of 2 years, 5 months, and 22 days after the initial complaint was filed on August 30, 2010 to file the Motion to Dismiss Dr. Doris Pablo-Bustos on February 20, 2013. If Counsel for the Defendants had notified the Plaintiffs and the Court prior to September 3rd, 2011 that they would contend that Doris Pablo-Bustos, M.D. did not receive adequate notice under D.C. Notice 2801, then the Plaintiffs would have had an opportunity to again make a good faith effort to comply with the statute by serving a Notice letter on Dr. Doris Pablo-Bustos.

Instead, Defendant Dr. Doris Pablo-Bustos chose to wait for the period of 2 years, 5 months, and 22 days after the initial complaint was filed, and then, after Plaintiffs and the Court had invested substantial amounts of time in the litigation, filing the motion on February 20th, 2013. By then, not only was it too late for Plaintiff to cure

any defect, but documents with respect to the notice have been lost.   It has been more difficult to determine the circumstances under which the notice was provided.

Plaintiffs submit that the drafters of D.C. Notice 16-2801 never intended that a Defendant would receive a defective notice, wait for 2 years, 5 months, and 22 days until the statute of limitations had passed, and then use the statute as a "Get our of jail free card".  Such a use of the notice statute would not be in the interests of justice and fair play.

Wherefore, Plaintiffs respectfully request that this Court deny Defendant Doris Pablo-Bustos, M.D.'s Motion to Dismiss.


March 11, 2013                                   Respectfully submitted,

/s/ Michael M. Wilson_____
Michael M. Wilson.
D.C. Bar No. 941674
1120 19th Street, N.W., LL-11
Washington, D.C.  20036
(202) 223-4488
Fax:  (202) 280-1414
wilson@wilsonlaw.com


/s/ John C. Lowe____
John C. Lowe
D.C. Bar No. 427019
John Lowe, PC.
5920 Searl Terrace
Bethesda MD 20816
301-320-3300
johnlowe@johnlowepc.com

*Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 11, 2013, a copy of the foregoing Plaintiffs' Opposition to the Motion to Dismiss of Defendant Doris Pablo-Bustos, M.D. was electronically filed and served on all parties via ECF.