UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Houston Bigelow, Individually, and | * | |
| as P.R. of the Estate of Mary Bigelow, | * | |
| Deceased, | * | |
| | * | |
| Plaintiffs, | * | Case No.: 1001471-RLW |
| | * | Judge Robert L. Wilkins |
| v. | * | |
| | * | |
| Elwin Bustos, M.D., et al., | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' RESPONSE LETTER CONCERNING THE PLAINTIFF'S REQUESTED DISPOSTIVE MOTION

On November 26, 2012, the Defendants filed a motion, pursuant to *D.C. v. Shannon,* 696 A.2d 1359 (D.C. 1997) *and Washington v. Washington Hospital Center*, 579 A.2d 177 (D.C. 1990), seeking a judicial determination that the settling Defendant, Washington Hospital Center Corporation was a joint tortfeasor, solely for the purposes of protecting the remaining Defendants' rights to a *pro rata* reduction of any potential verdict amount against them. This relief was sought pursuant to Federal Rules of Civil Procedure 49, 52 and 58, instead of through the prosecution of a cross-claim by the remaining Defendants Elwin Bustos, M.D. and Doris Pablo-Bustos, M.D. against the settling Defendant Washington Hospital Center.

On December 21, 2012, this Court granted the Defendants' Motion, and held that "[i]n the event that the Bustos Defendants are found liable at trial in this matter, the jury will also be asked to determine, through a special verdict form, whether WHC is jointly liable."

On January 3, 2013, the Defendants Dr. Doris Pablo-Bustos and Dr. Elwin Bustos filed an Amended Answer, asserting the following defense:

> These Defendants assert that the Defendants named in Plaintiffs' Amended Complaint are joint tortfeasors and, in the event of a jury

> verdict for the Plaintiffs and against one or more of them, these Defendants reserve the right to seek a *pro rata* reduction upon settlement by any Defendant.

There is no pending claim against Washington Hospital Center as to which summary judgment can be granted. This is an evidentiary issue that is not ripe for ruling. Notwithstanding the premature posture of the proposed motion for summary judgment, the Plaintiff's proposal is based upon two fundamental misunderstandings. First, there will not be any "post-verdict" testimony. The Defendants filed a Rule 26(a)(2) statement that specifically reserves the right to "elicit expert testimony from the Plaintiff's designated expert witnesses, particularly on the issue of the negligence of the Washington Hospital Center, its agents, servants and employees." That testimony will be elicited from the Plaintiff's expert witnesses, via cross-examination during the Plaintiff's case in chief, presuming those expert witnesses are called and properly qualified to testify as expert witnesses in this matter.

Second, the Defendants do not necessarily need to call the Plaintiff's experts as witnesses in the Defendants' case in chief. The Defendants may (a) elicit testimony from the Plaintiff's expert witnesses, via-cross examination regarding the issue of the negligence of the Washington Hospital Center, its agents, servants and employees, (b) use expert witness reports to impeach any testifying expert witness who testifies at trial in a manner inconsistent with their prior written expert opinion reports, and (c) offer the Plaintiff's expert opinion reports into evidence during the Defendants' case in chief, pursuant to the residual hearsay exception, Federal Rule of Evidence 807. *See also*, *Televisa, S.A. de C.V., et al. v. Univsion Communications, Inc.*, 635 F. Supp. 2d 1106, 1109 (2009) (C.D. Cal.) (Allowing admission of an Expert Report under the residual hearsay rule because "many of the classic hearsay risks, such as faulty perception, faulty

memory, and faulty narration do not seem to be a of concern" when "the item in question is a report prepared by a designated expert witness, rather than a remark or statement.").

These are all evidentiary issues. There is no "ploy" here. The written reports provided by the Plaintiff's expert witnesses indicate that they hold opinions regarding the alleged negligence of Washington Hospital Center, its agents, servants and employees. For example, Dr. Albert Beatty wrote:

> I have read, agree, and adopt the opinions expressed by Dr. Julian Seifter, and incorporate them by reference into my report. My opinion is that a delay in measuring electrolytes occurred in the period immediately after admission, leading to a preventable cardiac arrest due to low potassium and magnesium. Later, after the bone marrow biopsy, the patient experienced renal failure prior to September 17, 2008 due to a combination of factors, most notably hypotension in the setting of other medical conditions and along with the administration of medications requiring renal clearance. Delays occurred in treating the hypotension, transfusing the patient and stopping the medications that required renal clearance during the critical period between September 17, 2008 and September 22, 2008. *These delays are the responsibility of the Washington Hospital Center and the patient's treatment team, and, in particular, the patient's attending physician, and would constitute deviations from the applicable national standard of care.*

*See,* Report of Plaintiff expert Albert C. Beatty, M.D. at page 6. (Italics added).

In addition, Dr. Shabir Bhimji wrote:

> **The patient apparently never recovered from her arrest, further workup revealed that she had multiple myeloma; she developed renal failure and was finally discharged to a rehabilitation center**.
>
> It is hard to believe that at any hospital in America the most basic blood work would be omitted. The missed potassium magnesium abnormalities led directly to the cardiac arrest. *Her doctors, including the ER physicians, have deviated significantly from the accepted level of care. Any reasonable physician would first check the basic blood work before admitting the patient.*

> *Had electrolytes been checked in the ER, this patient would never have had such a difficult course and arrested. Aside from checking electrolytes, the practice of the cardiologist must be questioned.* The patient never had a cardiac catheterization for her chest pain and yet she had an AICD inserted-something she never needed in the first place. Cardiac arrest from low potassium levels is not treated with and AICD.
>
> *This is a tragic case of gross medical malpractice by physicians at Washington Hospital Center. Mrs. Bigelow had a cardiac arrest because of gross negligence by each and every one of her physicians.*

*See*, Report of Plaintiff expert Shabir Bhimji, M.D. at pages 7-8. (Emphasis in original; Italics added).

Plaintiff's expert witnesses have written unambiguously and unequivocally that the Washington Hospital Center, its agents, servants and employees, have violated the standard of care and caused injury to Mrs. Bigelow. The remaining Defendants reserve the right to elicit expert opinion testimony regarding the issue of the negligence of the Washington Hospital Center, its agents, servants and employees, to preserve their right to seek a *pro rata* reduction pursuant to the settlement by another Defendant, should the jury find that Washington Hospital Center is a joint tortfeasor.

Whether or not the Defendants will be permitted to present that evidence to the jury through cross-examination, to impeach, and/or through submission of the expert reports pursuant to the residual hearsay exception, are all matters of evidence to be addressed at trial. There is a genuine dispute of material fact, therefore, and the Plaintiff is not entitled to judgment as a matter of law on the issue of the joint tortfeasor status of Washington Hospital Center. Accordingly, the Plaintiff's proposed motion for summary judgment should be denied, without prejudice to re-raise the issue following the close of all evidence at trial.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS,
 VAUGHAN & RHOADES, CHARTERED**

*/s/ Edward A. Gonsalves*
Edward Gonsalves, Esquire #425160
eag@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440
*Attorneys for Defendants, Doris V. Pablo-Bustos, M.D., and Elwin Bustos, M.D.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of April, 2013, the foregoing Defendants, Doris V. Pablo-Bustos, M.D. and Elwin Bustos, M.D.'s Letter in Response to the Plaintiffs' Letter Concerning Dispositive Motions, was electronically filed and sent via email to:

| | |
|---|---|
| Michael M. Wilson, Esquire | John C. Lowe, Esquire |
| 1120 19th Street, N.W., LL-11 | John Lowe, P.C. |
| Washington, D.C. 20036 | 5920 Searl Terrace |
| *Attorneys for Plaintiffs* | Bethesda, MD 20816 |
| | *Attorneys for Plaintiffs* |

*/s/ Edward A. Gonsalves*
Edward A. Gonsalves