# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

_____
)
Houston Bigelow,                    )
Individually and as P.R. of the Estate  )
of Mary Bigelow, Deceased,      )
)
      Plaintiffs,             )
)
v.                           )      Civil Case No. 10-1471
)      Judge Wilkins
Elwin Bustos, M.D., et al.,      )
)
      Defendants.         )
_____)

## PLAINTIFFS' SUPPLEMENTAL BRIEFING

Defendant researched the two issues on which the Court requested a response. The first issue is what discovery information of Plaintiffs sheds light on the disclosure by Defendants of the absence of a Notice for Dr. Doris Pablo Bustos and assertion of the affirmative defense of Plaintiffs' failure to notice Dr. Pablo Bustos. The second issue is what authority is there for the Court to keep both Dr. Bustos and Dr. Pablo Bustos as Defendants if the Court finds that there is a misnomer involved that should excuse the failure to notice Dr. Pablo Bustos? The Court indicated that one option the Court had, in theory, would be to switch defendants and leave Dr. Pablo Bustos but dismiss Dr. Bustos, and the Court asked for authority on that issue. Finally, if the Court decided that it would only leave one of the Defendants in the case, the Court asks which one would Plaintiff want the Court to leave in the case.

On the first issue, Plaintiffs found no indications of discovery efforts regarding the affirmative defense of failure to comply with D.C. Code §16-2802. But in researching that issue, Plaintiffs found that the reason there was no discovery by Plaintiffs on that issue was that Defendants never asserted that defense until February 20, 2013 with her motion to dismiss. Instead, Defendant Dr. Pablo Bustos purported to reserve the affirmative defense of defective notice under the D.C. Code in her answers but never asserted the defense. See Exhibit 1, for

1

example, which says "Defendants reserve the right to assert that plaintiff's claims are barred by D.C. Code §16-2802." But to the knowledge of Plaintiffs, there is no provision for reserving an affirmative defense – it must be asserted in a timely manner. And, in any event, reserving an issue is not the same as asserting an issue, even if reserving the issue were somehow permitted.

Why would Plaintiffs need to defend against, do discovery on, or research an affirmative defense issue of fact or law that has not been asserted or interposed in defense? During the Court hearing on April 15, counsel did not recall the language of the Answers, since the focus had been on the Motion to Dismiss. If Defendant Pablo Bustos had actually asserted the affirmative defense prior to September 8, 2011 -- for example, in her Answer filed May 27, 2011, Docket 36 – the three year statute of limitations would not have run, Plaintiffs would have been on notice and could have corrected the omission in time before the statute of limitations ran. [1] But in Docket 36 Defendant Doris Pablo Bustos merely reserves the right to raise it. In fact, the May 27, 2011 filing by Defendant Pablo Bustos goes farther than merely not saying anything – it affirmatively says that as of that date there has been no assertion of any defect in the notice. Moreover, she never asserted the statute until 2013 and therefore gave Plaintiffs no reason to research, review, or take other timely corrective action regarding the notice.

Plaintiffs can find no authority one way of the other on whether the Court may switch Defendants instead of keeping both in the case. However, there is no reason to switch Defendants. The absence of notice to Doris Pablo Bustos was a result of a misnomer, and thus is excused by the statute itself. Dr. Elwin Bustos actually received notice that there was a claim being asserted against him, and he has not even asserted the affirmative defense that he did not receive notice. Dr. Elwin Bustos had the option to mediate with the Plaintiff prior to the filing of the lawsuit, and therefore the purpose of the statute was fulfilled as to him.

Respectfully submitted,

/s/ John C. Lowe
John C. Lowe (#427019)
5920 Searl Terrace

---

1    Ms. Bigelow entered the Washington Hospital Center September 8, 2008. Ms. Bigelow died September 9, 2010.   No wrongful death claim was pursued.

Bethesda, MD 20816
(301) 320-3300
johnlowe@johnlowepc.com
Co-*Counsel for the Plaintiffs*

/s/Michael M. Wilson
Michael M. Wilson (#941674)
1120 19th Street, N.W. Suite LL-11
Washington, DC  20036
(202) 223-4488
Email:  wilson@wilsonlaw.com
*Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2013, a copy of the foregoing will be

served electronically by ECF on counsel for all Defendants.

/s/ John C. Lowe