**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
**Houston Bigelow,** *et al,*       )
                                    )
    **Plaintiffs,**              )
                                    )
       v.                  )    Case No. 1:10-cv-10471 (RLW)
                                    )
**Elwin Bustos, M.D.,**             )
                                    )
    **Defendant.**              )
                                    )
_____)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE

Plaintiffs state the following in support of their Motion in Limine.

Each request in the motion will be addressed below.

1. Empty chair defense, where counsel point to an empty chair or equivalent reference to state or imply that the true defendant is not present.

   The law of the District of Columbia only requires that the Defendant's negligence was a substantial cause of the harm, not that he was the sole or even the primary cause. Therefore it would be misleading and confusing to the jury to hear an empty chair argument that implies that there is a person who is responsible other than the Defendant even though the other person may have been substantially responsible.

2. Washington Hospital Center or other doctors beside the Defendant violated a standard of care or caused the damages Plaintiffs claim.

   The law of the District of Columbia only requires that the Defendant's negligence was a substantial cause of the harm, not that he was the sole or even the primary cause. Therefore it would be misleading and confusing to the jury to hear an argument that alleges or implies that the Washington Hospital Center or other doctors may be the ones who are responsible other than the defendant even though he may have been substantially responsible. This might cause a jury try

to determine who was the most responsible, which is not the legal standard Plaintiffs must meet.

3. Reference to, eliciting of, or statement of expert testimony or opinions beyond what is contained in Defendant's Rule 26(a)(2) expert disclosure statements and reports.

    Rule 26(a)(2) is very clear. Defendant must in a Rule 26(a)(2) disclosure provide the identities of every expert witness it may use at trial. Defendant has identified four defense expert witnesses. But Defense counsel have alluded to using experts of Plaintiffs to offer expert opinions that have not been properly produced in a Rule 26(a)(2) disclosure or expert report. Unless excused by the Court, the disclosure of such use of experts of Plaintiffs would require identification of the proposed experts and Defense testimony in a Rule 26(a)(2) disclosure and would also require the opinions to be stated in a written expert report signed by the experts.

    It is also of note that the law generally is that an expert may not be forced to provide expert services, opinions, or testimony except with his consent. No such consent of Plaintiffs' experts has been sought of obtained here by Defendant.

    The Court has broad discretion in determining whether to admit or exclude expert testimony. *U.S. ex. rel. Miller v. Bill Harbert Int'l Construction, Inc.* 608 F. 3d 871, 895 (D.C. Cir 2010 (quoting *United States v. Gatling*, 96 F.3d 1511, 1523 (D.C. Cir. 1996). Here, where Defendant has ignored the requirement of of Rule 26(a)(2), the Court should surely grant this motion

4. Reference to the fact that Dr. Roozbeh Badii is not licensed in Washington, D.C.

    Licensure in the District of Columbia is not a prerequisite of qualification to testify as an expert in this Court. Licensure ion D.C. or absence of such licensure is irrelevant unless the licensure was denied or taken away for reasons reflecting upon the expert's qualifications to testify as an expert in this case. No such licensure issues have ever existed concerning the licensure of Plaintiffs' expert Dr. Roozbeh Badii.

5. Allegations that Washington Hospital Center, which was acting through its nurses and other agents and employees, is a joint tortfeasor.

This should not be brought up in the main trial on liability and damages.  It is an issue for consideration by the Court regarding the possibility that the Court will present a further issue of joint tortfeasor to the jury, should the jury return a verdict in favor of Plaintiffs in the first instance.

6. Doris Pablo Bustos, M.D., is a joint tortfeasor.

This should not be brought up in the main trial on liability and damages.  It is an issue for consideration by the Court regarding the possibility that the Court will present a further issue of joint tortfeasor to the jury, should the jury return a verdict in favor of Plaintiffs in the first instance.

CONCLUSION

For the reasons stated, the Motion in Limine should be granted.

Respectfully submitted,

/s/ John C. Lowe
D.C. Bar No. 427019
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816
(202) 251-0437

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2013, a copy of the foregoing will be served electronically on counsel for Defendant.

/s/ John C. Lowe