## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

_____
                                    )

Houston Bigelow,                  )
Individually and as P.R. of the Estate   )
of Mary Bigelow, Deceased,         )
                                    )

        Plaintiffs,               )
                                    )

v.                                 )     Civil Case No. 10-1471
                                 )     Judge Wilkins

Elwin Bustos, M.D,             )
                                 )

        Defendant.            )
_____)

## PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE TO PRECLUDE DR. JULIAN SEIFTER FROM TESTIFYING ON STANDARD OF CARE

The Plaintiffs oppose Defendant's Motion in Limine with respect to the testimony of Dr. Seifter on the applicable standard of care. The Plaintiffs' Fed. R. 26(a)(2) Statement of Experts does provide Defendant with reasonable notice that Dr. Seifter would be testifying as to the applicable standard of care of Dr. Bustos.

Dr. Seifter's report states that:

> Thus, all of the events described above were, individually and in combination, substantial factors in the development of Mrs. Bigelow's acute and permanent renal failure. These factors could have been avoided by administering the proper standard care of a patient who presents with abdominal pain. This includes checking basic serum chemistries, giving blood transfusions when necessary, addressing coagulopathic factors, proper management of anti-platelet medications before undergoing bone marrow biopsy, discontinuing fluid restriction and anti-hypertensive medications in the face of multiple bouts of hypotension, and stopping or reducting nephrotoxic medicaitons as recommended by nephrologist Dr. Cosette Jamieson."

Expert Report, page 16.

Dr. Seifter opines at page 17 that if appropriate measures had been instituted both at admission and after the bone marrow biopsy on September 15th, 2008, that Mrs. Bigelow's acute and permanent renal failure would have been avoided. Thus, Dr. Seifter

1

indicates that the doctors who cared for Mrs. Bigelow from admission violated the standard of care and that includes the period September 3 – 6, 2008, when Dr. Bustos, the attending for Mrs. Bigelow according to the medical records – see Exhibit 1 -- failed to check or have checked the potassium and magnesium levels that led to the cardiac arrest on the morning of September 6.

Dr. Seifter further stated at Page 5 that:

Mrs. Bigelow suffered a cardiac arrest that is directly attributable to the profound hypomagnesemia and hypokalemia present in this patient on September 6th, 2008.

Dr. Seifter further stated at Page 2 that:

Mrs. Bigelow was admitted for evaluation on September 3rd, 2008. Although diagnostic radiographs (including a CT of the abdomen) were done, serum chemistries were ordered but were not done on the day of admission. She was seen and evaluated by multiple providers over the next few days. Diuretics were continued between September 3rd and September 6th, but serum chemistries were not checked during this period.

\*\*\*\*

Blood work following her arrest demonstrated extremely low potassium and magnesium levels.

Plaintiff's 26(a)(2) statement refers to "multiple providers over the next few days," which includes Defendant Elwin Bustos. Moreover, Dr. Elwin Bustos is the principal health care provider during this period of time, as he was repeatedly listed on the medical records as being the Attending Physician of Record during this period of time and beyond.

Dr. Seifter's 26(a)(2) report is 17 pages long, single spaced. The report is quite detailed. The report makes it very clear that Dr. Seifter would render opinion testimony that the physicians caring for Plaintiff's decedent Mary Bigelow during the period of September 3rd through 6th, 2008 had failed to check the levels of electrolytes including potassium and magnesium, and that Mrs. Bigelow suffered a cardiac arrest on the morning of September 6th, 2008 due to extremely low potassium and magnesium, and that the

cardiac arrest precipitated a chain of events that proximately led to the patient's renal failure. Defense counsel were well aware that Dr. Seifter would be offering standard of care testimony on the failure of Dr. Seifter during the period of time of September 3rd – 6th, 2008 prior to the video de bene esse deposition of September 20th, 2013. They argued that Dr. Elwin Bustos was not her attending physician during this period of time and that he was not responsible to check her electrolyte levels.

Therefore, it is respectfully requested that the Defendant's Motion should be denied.

Respectfully submitted,

/s/ John C. Lowe
John C. Lowe (#427019)
5920 Searl Terrace
Bethesda, MD 20816
(202) 251-0437
johnlowe@johnlowepc.com
*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 23, 2013, a copy of the foregoing will be served electronically by ECF on counsel for Defendant.

/s/ John C. Lowe