## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

_____
                                      )

Houston Bigelow,                          )
Individually and as P.R. of the Estate   )
of Mary Bigelow, Deceased,          )
                                        )
          Plaintiffs,                   )
                                        )
v.                                       )        Civil Case No. 10-1471
                                        )        Judge Wilkins
Elwin Bustos, M.D,                )
                                        )
          Defendant.              )
_____)

### PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE TO PRECLUDE PLAINTIFFS FROM CLAIMING THE FULL AMOUNT OF MEDICAL BILLS SHE INCURRED

Plaintiff contends that under well established D.C. law concerning the collateral source doctrine, Medicare is a collateral source, particularly where the Plaintiffs, as in this case, have paid into Medicare as part of their Social Security payments. Well know appellate lawyer Mark Fiedler, Esq., Koonz, McKenney, Johnson, DePaolis & Lightfoot, L.L.P., stated in his article, "Collateral Damages – The D.C. Collateral Source Rule", attached as Exhibit 1 to this Opposition, that:

> For the same reason, Medicare benefits are covered by the collateral-source rule both in actions against defendants that are not government entities FN 50 as well as in FTCA actions against the United States, at least where the plaintiff contributed to the Medicare fund by paying Social Security taxes during employment.FN 51 Plaintiffs are generally allwed to recover as damages medical expenses written off by their health-care providers under the Medicare program.FN52.

---

FN 50 Cook v. Jefferson Parish Hosp. Serv. Dist. No. 2, 900 So.2d 865 (La. Ct. App. 2005); Parker v. Spartanburg Sanitary Sewer Dist., 607 S.E.2d 711, 717-18 (S.C. Ct. App. 2005); Bynum v. Magno, 101 P.3d 1149, 1152-60 (Hw. 2004); Rose v. Via Christi Health Sys., Inc., 78 P.3d 798, 802-06 (Kan. 2003); Wal-Mart Stores, Inc., v. Frierson, 818 So.2d 1135, 1139,-40 (miss. 2002).

FN 51 Manko v. United States, 830 F.2d 831, 836-37 (8th Cir. 1987)(applying Missouri law); Berg v. United States, 806 F.2d 978, 984-86 (10th Cir. 1986)(applying Colorado law); Silverson v. United States, 710 F.2d 557, 560 (9th Cir. 1983)(applying Arizona law); Titchnell v. United States, 681 F.2d 165, 174-76 (3rd Cir. 1982)(applying Pennsylvania law); see also Jackson, 451 A.2d at 872 & n. 6 (citing cases); United States v. Philip Morris Inc., 116 F.Supp.2d 131, 144 n. 18 (D.D.C. 2000).

FN 52 Cook, 900 So.2d at 866-67; Parker, 607 S.E.2d at 717-18; Bynum, 101 P.3d at 1152-60; Rose, 78 P.3d at 802-06; Frierson, 818 So.2d 1139-40. Contra Moorehead v. Crozer Chester Med. Ctr., 765 A.2d 786, 789-90 (Pa. 2001).

D.C. Trial Vol. IX, No. 4 (Summer 2006), pp. 5-9.

The leading case on the subject is *District of Columbia v. Jackson,* 451 A.2d 867(D.C. 1982). The D.C. Court of Appeals in *Jackson* Court ruled that the collateral source rule applies "when the source of the benefit is truly 'collateral,' i.e. not connected to the tortfeasor." 451A.2d at 871. " In this context, the victim may retain both the benefit and the judgment even if the benefit is completely gratuitous." 451 A.2d at 871 n. 4.

*District of Columbia v. Jackson* was applied by United States District Judge Kessler in *U.S. v. Philip Morris Inc.*, 116 F.Supp.2d 131 (D.C. 2000). The Government claimed that it could sue to recover Medicare Costs. The United States District Court granted the defendants' motion to dismiss on this count, stating that:

> 18. …. When Congress enacted the 1996 amendment, there was an existing body of case law concerning the "collateral source" doctrine in which federal and state courts have consistently and uniformly declared Medicare to be a separate and distinct "social insurance" fund into which citizens contribute. See, e.g., *District of Columbia v. Jackson*, 451 A.2d 867, 871-72 (D.C. 1982); *Molzof v. United States*, 6 F.3d 461, 466 (7th Cir. 1993); *Titchnell v. United States*, 681 F.2d 165, 174-76 (3d Cir. 1982). According to these cases, it is not the Government, but rather individuals, who "pay for" Medicare. If this Court were to rule in favor of the Government on the MCRA Count, it would effectively be declaring that the Government "pays for" Medicare, thus undermining the viability of a substantial and longstanding body of case law to the contrary.

116 F.Supp.2d at 144, n. 18.

Plaintiffs respectfully request additional time to brief this legally and factually complex issue, and intend to file a Motion for Additional Time to Submit Authority in Opposition to the Plaintiff's Motion tomorrow, on September 24th, 2013. However, at present, we note that this issue was only raised by defendant in the last several weeks. Nothing was ever raised during the long discovery period of this case so the parties could exercise discovery processes with the agencies, and people involved to determine facts that the Court needs in order to make a fair and just ruling.

In particular, an important issue is the extent to which Mr. Bigelow has paid for Medicare insurance for himself and his wife during his working life through monthly tax deductions for

Medicare via Social Security payments. Mr. Bigelow reports that his wife had similar deductions from her pay when she was working. The Plaintiffs respectfully request an opportunity to obtain the record of these Medicare payments to provide to the Court for its consideration in a factual hearing or otherwise. Plaintiffs have not had time to obtain the records to show those extensive payments to the Court.

Additionally, Mr. Bigelow had health insurance – Aetna Insurance Company – and his wife did, too – Blue Cross Blue Shield -- that paid for large portions of her medical bills. Now that this objection and issue have been raised for the first time, Plaintiffs require a reasonable time to obtain the insurance payment records to show the further collateral sources to which he is entitled.

**Conclusion**

In summary, the overwhelming body of case law on this subject supports the proposition that the Plaintiffs may claim the amount of medical expenses paid by Medicare, particularly where they may substantial payments over their lifetimes into the Medicare system of insurance. The two recent trial level opinions attached to the Motion by Defendant are not binding on this Honorable Court and are contrary to prior opinions, particularly *District of Columbia v. Jackson,* 451 A.2d 867(D.C. 1982), which must be followed, and which has been interpreted in the Plaintiffs' favor by Judge Kessler in *U.S. v. Philip Morris Inc.*, 116 F.Supp.2d 131, 144 n. 18 (D.C. 2000).

Additionally, we believe that the vast proportion of the remaining expenses were paid with health insurance paid for by Mr. and Mrs. Bigelow. It will require some time to obtain the necessary factual information to resolve these issues. Plaintiffs may request a postponement of the Pretrial and/or Trial of this case so that the applicable records may be obtained now that Defendant has placed this matter at issue for the first time. As the Defendant notes, the amount of medical bills in this case total more than $2,000,000, and the billing records themselves are voluminous and quite detailed. It may be expeditious for the parties to engage in further discovery on these issues and attempt to resolve these issues without the need for extensive trial time or a separate factual hearing by this Honorable Court.

Respectfully submitted,

/s/ John C. Lowe
John C. Lowe (#427019)
5920 Searl Terrace
Bethesda, MD 20816
(202) 251-0437
johnlowe@johnlowepc.com
*Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on September 23, 2013, a copy of the foregoing will be

served electronically by ECF on counsel for Defendant.

/s/ John C. Lowe