### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Houston Bigelow, Individually, and** | * | |
| **as P.R. of the Estate of Mary Bigelow,** | * | |
| **Deceased,** | * | |
| | * | |
| **Plaintiffs,** | * | **Case No.: 1:10-cv-001471-RLW** |
| | * | **Judge Robert L. Wilkins** |
| **v.** | * | |
| | * | |
| **Elwin Bustos, M.D.** | * | |
| | * | |
| **Defendant.** | * | |

### JOINT PRETRIAL STATEMENT

1.     <u>PARTIES AND COUNSEL</u>

The plaintiff is Houston Bigelow, individually, and as personal representative of the Estate of Mary Bigelow.  The defendant is Elwin Bustos, M.D.

The attorney for the Plaintiff Houston Bigelow, individually, and as personal representative of the Estate of Mary Bigelow, is John Lowe, Esquire (lead counsel), John Lowe, P.C., 5920 Searl Terrace, Bethesda, Maryland 20816; Phone: 202-251-0437; Email: johnlowe@johnlowepc.com.

The attorneys for the Defendant, Dr. Elwin Bustos are Edward A. Gonsalves, Esquire (lead counsel), Nicholas G. Hallenbeck, Esquire, and Armstrong, Donohue, Ceppos, Vaughan & Rhoades, Chtd., 204 Monroe Street, Suite 101, Rockville, Maryland 20850; Phone: 301-251-0440; Email: eag@adclawfirm.com and ngh@adclawfirm.com.

1

2.      <u>NATURE OF THE CASE</u>

This is a case of alleged medical malpractice.  The plaintiff is Houston Bigelow, individually, and as personal representative of the Estate of Mary Bigelow.  The defendant is Elwin Bustos, M.D.  This court has jurisdiction pursuant to 28 U.S.C. Section 1391(a)(2).

The plaintiffs allege that the Dr. Bustos was negligent for failing to order and obtain the results of an electrolyte panel test between September 3, 2008 and September 5, 2008, and as a "STAT" order on September 5, 2008 at Washington Hospital Center.  The plaintiffs further allege that as a result of Dr. Bustos' failure to order an electrolyte panel test and obtain its results prior to September 5, 2008 and as a "STAT" order on September 5, 2008, Mary Bigelow suffered a cardiac arrest and renal failure.  Mrs. Bigelow died on September 9, 2010, but there is no claim for her death.  The defendant denies the plaintiffs' allegations.

3.     CLAIMS AND/OR DEFENSES

A.     Plaintiffs

Dr. Bustos is liable for failing to obtain electrolyte test results during first day Ms.

Bigelow was in hospital and the next two  days leading up to and resulting in Mary Bigelow's

cardiac arrest.

The injury from the cardiac arrest eventually caused Ms. Bigelow's subsequent renal

failure.

The results flowing from the errors of Dr. Bustos caused medical expenses suffered by

plaintiffs for the care and treatment of Ms. Bigelow for the results of the cardiac arrest.

The results of the errors of Dr. Bustos caused Ms. Bigelow  much pain and suffering.

The results of the errors of Dr. Bustos caused Houston Bigelow to suffer his loss of

consortium.

B.     Defendant Elwin Bustos, M.D.

Dr. Elwin Bustos denies all claims made by the Plaintiffs, as expressed in his Answer to

the Plaintiffs' Amend Complaint and the statement of defenses below.  In addition, Dr. Bustos

asserts that the care and treatment provided by him to Mary Bigelow, in all respects, was

appropriate, and that he complied with the appropriate standard of care at all times during his

care and treatment of Mary Bigelow.

Dr. Bustos also asserts that the injuries and damages alleged by Plaintiffs were not caused

by any negligence by him.

Dr. Bustos also disputes all allegations of injuries and damages made by Plaintiffs.

Moreover, Dr. Bustos asserts that the care and treatment provided by him to Mary

Bigelow was in all respects appropriate and that he complied with the appropriate standard of care at all times during his care and treatment of Mary Bigelow.  He also asserts that the injuries and damages alleged by Plaintiffs were not caused by any negligence by Dr. Bustos.  Dr. Bustos also disputes all allegations of injuries and damages made by Plaintiffs.  More specifically, Dr. Bustos claims that:

i.      The injuries and damages alleged by the Plaintiffs were not caused by any act or omission by him,

ii.     All allegations of agency or responsibility for any other prior Defendant or any other health care provider rendering care to the Plaintiffs' decedent are denied,

iii.    The injuries and damages of Mary Bigelow was the result of a naturally occurring disease process for which Dr. Bustos cannot be held legally responsible,

iv.     The injuries and damages alleged by Plaintiffs are the result of conduct by other medical providers for whom Dr. Bustos was not responsible,

v.      Dr. Bustos was not Mary Bigelow's attending physician on September 3, 2008 or September 4, 2008, and was covering for the attending physician on September 5, 2008,

vi.     Dr. Bustos asserts that The Washington Hospital Center (formerly, a co-defendant in this case) is a joint tortfeasor and, in the event of a jury verdict for the Plaintiffs and against Dr. Bustos, he reserves

4

the right to seek either a *pro rata* reduction of verdict or a *pro tanto* reduction of the settlement amount by the Washington Hospital Center.

4.      UNDERSTANDING ISSUES/STIPULATIONS

A.      The parties stipulate as to the authenticity and genuineness of all medical records exchanged during discovery in this matter.  The parties will attempt to create a single common paginated set of medical records as a joint medical records exhibit for use at trial.  No party, however, should be precluded from offering additional records into evidence, if necessary.

B.      The parties stipulate to the authenticity and genuineness of medical bills relating to the care and treatment of Mary Bigelow as a result of her cardiac arrest.

C.      All CVs of expert witnesses exchanged during discovery are authentic and genuine.

5.      LIST OF WITNESSES AND ANTICIPATED TRIAL SCHEDULE

A.      Plaintiffs anticipate calling the following witnesses. :

Will definitely testify:

i.      Houston Bigelow. 969 County Home Road, Blanch NC 27212.
        Phone 336-694-6690   Will testify as to facts leading up to
        admission of Mary Bigelow to hospital September 3, 2008 and
        subsequent events up until the death of Mary Bigelow.  Also will
        testify as to damages, including loss of consortium. Estimated time
        on direct exam is 4 hours.

ii.     Angela Campbell, 1628 Crittenden Street, NE, Washington,
        D.C. 20017.  Phone 202-832-4400.  Will testify as to facts leading
        up to admission of Mary Bigelow to hospital September 3, 2008
        and subsequent events up until the death of Mary Bigelow.  Also
        will testify as to damages, including loss of consortium.  Estimated
        time on direct exam is 2 hours.

iii.    Mary Bigelow, deceased.  The deposition extracts of Mary
        Bigelow will be read and shown by video to describe facts of her
        hospitalization and damages.  The extracts are deposition page 4,
        line 22 through page 8, line 24.  Estimated time for direct exam is
        20 minutes plus approximately 20 minutes set up time.

iv.     Roozbeh Badii, M.D.,* 6193 Adeline Court, McLean, VA 22101.
        Phone 860-538-8938  Dr. Badii will testify as an expert on

causation and damages.  Estimated time on direct exam is four

hours.  He may also testify in rebuttal.

v.    Shabir Bhimji, M.D.,* 36 George Bogg, Woodbridge, Ontario.

Phone 905-581-1497.  Dr. Bhimji will testify as an expert on

standard of care, causation, and damages.  Estimated time on direct

exam is two hours.  He may also testify in rebuttal.

vi.   Julian L. Seifter. M.D.,* 75 Francis Street, Boston MA 02115.

Phone 617-732-7482   Dr. Seifter will testify as an expert on

causation and damages.  Estimated time for direct exam is four

hours.

Note:  Plaintiffs' questioning of each witness and expert will avoid

unnecessary duplication of questioning of other Plaintiffs'

witnesses and experts.

Plaintiffs' best estimate of scheduling is that Houston Bigelow, and

Angela Campbell will testfy on Thursday, October 17, 2013, if

there is sufficient time after jury selection and opening statements.

The testimony of Dr. Badii and Dr. Bhimji will be presented on

Friday, October 18, 2013.  The testimony of Dr. Seifter will be

presented on Monday, October 22, 2013.

May possibly testify:

vii.    Doris Pablo Bustos, M.D.,* 1160 Varnum St, NE, Ste 213,

Washington, DC 20017.  Estimated time on direct exam is 1 hour.

Possibly used as a rebuttal witness.

viii.    Elwin Bustos, M.D.* Suite 213, 1140 Varnum St., NE, #105,

Washington, DC 20017   Phone: (202) 269-6430

Dr. Bustos will testify regarding the treatment and care provided to

Ms. Bigelow at Washington Hospital Center from September 3,

2008 – October 29, 2008.  An estimate of the time the Plaintiff will

take in eliciting that testimony on rebuttal direct examination: 1

hour.

ix.    Cosette Jamieson, M.D.* 106 Irving Street, NW, Suite 2500,

Washington, DC 20010.  Phone:  (202) 877-5408

Dr. Jamieson was Mrs. Bigelow's treating nephrologist at

Washington Hospital Center during her September-October, 2008

hospitalization.  She will testify regarding the treatment and care

that she provided to Mrs. Bigelow in September – October, 2008.

An estimate of the time Plainitff will take in eliciting that

testimony on direct examination: 1 hour

x.    Harminder Sethi, M.D.*

Address:  1160 Varnum Street, NE, Suite 302, Washington, DC

20017.  Phone:  (202) 636-9090

Dr. Sethi was Mrs. Bigelow's treating hematologist/oncologist

9

during her admission at Washington Hospital Center in September-October, 2008.  Dr. Sethi will testify regarding the treatment and care that she provided to Mrs. Bigelow in September – October, 2008.  An estimate of the time the party will take in eliciting that testimony on direct examination: 1 hour

xi.    Gary Thompson, M.D.,* 110 Irving Street, NW, Washington, DC 20010

Dr. Thompson would be asked about events and observations of Mrs. Bigelow during the initial stay in Washington Hospital Center, September 3-15, 2008..

Estimated time on direct examination is 1 hour.


xii.    Adam Strickberger, M.D.,* 106 Irving Street, NW, Suite 204, South Tower, Washington, DC 20010; Phone: (202) 722-6363

Dr. Strickberger was Mrs. Bigelow's treating cardiologist while she was hospitalized at the Washington Hospital Center in September-October, 2008.  Dr. Strickberger will testify regarding the treatment and care that he provided to Mrs. Bigelow in September – October, 2008.  An estimate of the time Plaintiffs will take in eliciting that testimony on direct examination: 1 hour

xiii.   Nurse Julie Bernard, R.N.,* Washington Hospital Center, 110

Irving St NW, Washington, DC 20010.

Nurse Bernard will be called to testify about events and

observations on September 5, 2008.

Estimated time on direct examination is 1 hour.

xiv.   Full name:  Joseph A. Quash, Jr., M.D.*

Address:  1160 Varnum St., NE, Suite 100, Washington, DC

20017; Phone: (202) 832-1800

Brief description of testimony to be elicited: Dr. Quash was Mrs.

Bigelow's treating cardiologist while she was hospitalized at the

Washington Hospital Center in September-October, 2008.  Dr.

Quash will testify regarding the treatment and care that she

provided to Mrs. Bigelow in September – October, 2008.

An estimate of the time the party will take in eliciting that

testimony on direct examination: 1 hour

xv.   Plaintiff reserves the right to call any witnesses listed by

Defendant.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESSES:**

Defendant objects to the testimony of the decedent, Mary Bigelow, on the grounds stated

in the Defendant's Motion in Limine (Docket No.: 113), including that Dr. Bustos was not given

11

proper notice and, as such, there was no opportunity for him to cross examine the decedent at the time of her testimony.

Defendant also objects to the cumulative nature of Plaintiffs' expert testimony.

Defendant also objects to any testimony not specifically identified in Plaintiffs' expert reports.

Defendant also objects to the standard of care testimony of Julian Seifter, for the reasons identified in the Defendant's Motion in Limine (Docket No: 114).

Defendant invokes the rule on witnesses regarding Dr. Julian Seifter's September 20, 2013 de bene esse deposition.

<u>Defendant anticipates calling the following witnesses on the following days:</u>

<u>Monday, October 21, 2013</u>

i. Full name: Elwin Bustos, M.D.*

Address: Suite 213, 1140 Varnum St., NE, #105,

Washington, DC 20017

Phone: (202) 269-6430

Brief description of the testimony to be elicited: Dr. Bustos will testify regarding the treatment and care provided to Ms. Bigelow at Washington Hospital Center from September 3, 2008 – October 29, 2008.  An estimate of the time the party will take in eliciting that testimony on rebuttal direct examination: 2 hours.

xvi. Full name: Doris Pablo-Bustos, M.D.*

Address:        Suite 213, 1140 Varnum St., NE, #105,

Washington, DC 20017

Phone: (202) 269-6430

Brief description of the testimony to be elicited: Dr. Pablo-Bustos

will testify regarding the treatment and care provided to Ms.

Bigelow at Washington Hospital Center from September 3, 2008 –

October 29, 2008.

An estimate of the time the party will take in eliciting that

testimony on direct examination: 2 hours

Tuesday, October 22, 2013

xvii.   Full name:  Michael Hattwick, M.D.*

Address:  Woodburn Internal Medicine Associates, 8501 Arlington

Boulevard, Suite 310, Fairfax, Virginia 22031

Phone: (703) 698-9000

Brief description of the testimony to be elicited:  Dr. Hattwick is

board certified in internal medicine and will testify on the standard

of care of Dr. Elwin Bustos, and on causation, consistent with the

Defendant's Rule 26(a)(2) statement and Dr. Hattwick's January

29, 2013 letter to counsel.

An estimate of the time the party will take in eliciting that

testimony on direct examination: 2 hours

xviii.   Full name: Cosette Jamieson, M.D.*

Address: 106 Irving Street, NW, Suite 2500, Washington, DC

20010.

Phone:  (202) 877-5408

Brief description of testimony to be elicited: Dr. Jamieson was

Mrs. Bigelow's treating nephrologist at Washington Hospital

Center during her September-October, 2008 hospitalization.  She

will testify regarding the treatment and care that she provided to

Mrs. Bigelow in September – October, 2008.

An estimate of the time the party will take in eliciting that

testimony on direct examination: 1 hour


xix.   Full name:    David Hansen, M.D.*

Address:    3301 New Mexico Avenue, N.W., Suite 348,

Washington, DC 20016

Phone:  (202) 362-4467

Brief description of the testimony to be elicited:  Dr. Hansen is

board certified in internal medicine.  He will testify on the standard

of care of Dr. Elwin Bustos, and on causation, consistent with the

Defendant's Rule 26(a)(2) statement and Dr. Hansen's January 29,

2013 letter to counsel.

14

An estimate of the time the party will take in eliciting that

testimony on direct examination: 2 hours


xx.     Full name:  Harminder Sethi, M.D.*

Address:  1160 Varnum Street, NE, Suite 302, Washington, DC

20017.

Phone:  (202) 636-9090

Brief description of testimony to be elicited: Dr. Sethi was Mrs.

Bigelow's treating hematologist/oncologist during her admission at

Washington Hospital Center in September-October, 2008.  Dr.

Sethi will testify regarding the treatment and care that she provided

to Mrs. Bigelow in September – October, 2008.

An estimate of the time the party will take in eliciting that

testimony on direct examination: 1 hour


Wednesday, October 23, 2013

xxi.    Full name:  Kenneth M.H. Lee, M.D.*

Address:  2021 K Street, NW, Suite 315, Washington, DC 20006

Phone: (202) 775-0955

Brief description of the testimony to be elicited:      Dr. Lee is

board certified in internal medicine and cardiovascular diseases.

He will testify on causation, consistent with the Defendant's Rule

15

26(a)(2) statement and Dr. Lee's January 22, 2013 letter to counsel.

An estimate of the time the party will take in eliciting that testimony: 2 hours

Thursday, October 24, 2013

xxii.   Full name:  Todd Gehr, M.D.*

Address:  Virginia Commonwealth University, 1101 East Marshall Street, 8-062, Box 980160, Richmond, Virginia 23298-0160

Phone: (804) 828-9682

Brief description of the testimony to be elicited: Dr. Gehr is board certified in internal medicine and nephrology.  He will testify on the standard of care of Dr. Elwin Bustos and on causation, consistent with the Defendant's Rule 26(a)(2) statement and Dr. Gehr's January 29, 2013 letter to counsel.

An estimate of the time the party will take in eliciting that testimony on direct examination: 2 hours

At the present time, Dr. Bustos does not anticipate calling any witnesses on Friday, October 25, 2013.

In addition to the above-listed witness, Dr. Bustos may call the following witnesses to testify:

xxiii.   Full name:  Lemi Luu, M.D.*

16

Address: 5255 Loughboro Road, NW, Washington, DC 20016

Phone: (202) 758-2233

Brief description of testimony to be elicited:  Dr. Luu was Mrs. Bigelow's treating emergency medicine physician at Washington Hospital Center on September 3-4, 2008.  Dr. Luu will testify regarding the treatment and care that she provided to Mrs. Bigelow on September 3-4, 2008.

An estimate of the time the party will take in eliciting that testimony on direct examination: 1 hour

xxiv.   Full name:  Carolyn Phillips, M.D.*

Address:  110 Irving Street, NW, Washington, DC 20010

Phone:  (202) 506-3324

Brief description of testimony to be elicited:  Dr. Phillips was Mrs. Bigelow's treating emergency medicine physician at the Washington Hospital Center on September 3-4, 2008.  Dr. Phillips will testify regarding the treatment and care that she provided to Mrs. Bigelow on September 3-4, 2008.

An estimate of the time the party will take in eliciting that testimony on direct examination: 1 hour

xxv.   Full name:  Joseph A. Quash, Jr., M.D.*

17

Address:  1160 Varnum St., NE, Suite 100, Washington, DC
20017

Phone: (202) 832-1800

Brief description of testimony to be elicited: Dr. Quash was Mrs.
Bigelow's treating cardiologist while she was hospitalized at the
Washington Hospital Center in September-October, 2008.  Dr.
Quash will testify regarding the treatment and care that she
provided to Mrs. Bigelow in September – October, 2008.

An estimate of the time the party will take in eliciting that
testimony on direct examination: 1 hour

xxvi.   Full name:  Adam Strickberger, M.D.*

Address:  106 Irving Street, NW, Suite 204, South Tower,
Washington, DC 20010

Phone: (202) 722-6363

Brief description of testimony to be elicited: Dr. Strickberger was
Mrs. Bigelow's treating cardiologist while she was hospitalized at
the Washington Hospital Center in September-October, 2008.  Dr.
Strickberger will testify regarding the treatment and care that she
provided to Mrs. Bigelow in September – October, 2008.

An estimate of the time the party will take in eliciting that
testimony on direct examination: 1 hour

Dr. Bustos reserves the right to call any witnesses identified by Plaintiff, including expert

18

witnesses. Dr. Bustos further reserves the right to call any medical provider who treated decedent Mary Bigelow, but not identified above.

### PLAINTIFFS' OBJECTIONS TO DEFENDANT'S WITNESSES

Plaintiffs object to any witness offering expert opinions not identified in Defendant's Federal Rule 26(a)(2) disclosure and report.

Plaintiffs also object to any testimony not specifically identified in Defendant's expert reports – particularly to testimony attempted to be elicited by Plaintiffs' experts that was never disclosed and for which no expert reports were served under Federal Rule 26(a)(2).

6.    <u>EXHIBITS</u>:

<u>Plaintiff's List of Exhibits</u>

1.   Joint Exhibit - Washington Hospital Center Records (September 3, 2008 – October 29, 2008)

2.   Mary Bigelow's full medical records for September 3-6, 2008.

3.   Mary Bigelow's full medical records September 6 - October 29, 2008.

4.   Mary Bigelow's full medical records from October 30, 2008 to her death.

5.   Video Deposition of Mary Bigelow  pages 4, line 22 to page 8, line 18

6.   Photos of Mary Bigelow

7.   CV of Roozbeh Badii, M.D.

8.   Medical Bills and expenses (bills plus demonstrative exhibit of them)(this exhibit will he completed and delivered to the Court and counsel as soon as the final data is obtained from Medicare and the insurance companies.  But the amount will be large – documented in excess of $700,000.00)

9.   CV of Julian Seifter, M.D.

10. Video deposition of Julian Seifter, M.D.

(Pages and lines:

p 7, lines 2 to12

p 7, line 18 to p 12, line 21

p 13, line 21 to p 14, line 16

p 15, line 7 to 15

p 16, line 7 to p p 58. Line 20

p 58, line 20 to p 79, line 14

p 84, line 22 to p 86, line 8

p 118, line 14 to p 127, line 10

p 127, line 19 to p 128, line 12

pp 130, line 11 to p 131, line 8.)

11. Demonstrative exhibit of kidney.

12. Demonstrative exhibit of effect of potassium on heart.

13. Demonstrative exhibit of effect of magnesium on heart.

14. Demonstrative exhibit of Lasix package insert extract.

15. Demonstrative exhibit of graphic of time line.

16. Demonstrative exhibit explaining dialysis.

17. Anatomical diagrams, charts, and illustrations.

18. Blow ups of medical records.

19. Any exhibit identified by Defendant.

20. Expert witness statement of Michael Hattwick, M.D.

21. Expert witness statement of David Hansen, M.D.

22. Expert witness statement of Todd Gehr, M/D.

23. Expert witness statement of Kenneth Lee, M.D.

24. Expert Witness statement of Julian Seifter, M.D.

25. Expert Witness statement of Roozbeh Badii, M.D.

**Defendant's Objection:**  Defendant objects to Plaintiff's Exhibits Nos. 3, 4, 6, 8, and Exhibits 9-16, 18-23.

No. 3:     Defendant objects for the reasons set forth in his Motion in Limine.

No. 4:   Defendant objects to any photographs of Mary Bigelow on the grounds of redundancy and cumulativeness, as well as on the issue of relevance and prejudice.

No. 6:  Defendant objects for the reasons set forth in his Motion in Limine.

No. 8:  Defendant objects for the reasons set forth in his Motion in Limine.  To the extent Defendant's Motion in Limine is denied, Defendant objects to the Plaintiff's selected portions of the transcript, requests the Court rule on all of the Defendant's pending objections in the de bene esse deposition transcript (including objections made at: 6:6-17; 13:1-16:5; 20:3-6; 21:12; 27:4; 29:9; 32:12-13; 34:16-18; 35:11-12; 38:5-7; 42:3; 42:20-21; 43:7-14; 44:9-11; 46:6; 54:18; 55:17; 57:3; 57:18; 59:15; 73:2-3; 73:13-14; 77:3; 77:17-18; 78:22 – 79:1; 79:15-17; 122:1-2; 123:20; 126:1; 127:4-5; and 127:11) and/or play Dr. Seifter's entire videotaped deposition, including the Defendant's cross-examination of Dr. Seifter which Plaintiff does not intend to show present to the jury.

Nos.  9-16:  Defendant  objects  to  Exhibits  Nos.  9-16  on  the  grounds  that  such demonstrative exhibits have not been provided to the Defendant reasonably in advance of Dr. Seifter's testimony *de bene esse* testimony which prejudices Defendant's cross examination of that witness.

Nos. 18-23: Defendant objects to Exhibits Nos. 18-23 on the grounds of redundancy and cumulativeness, as well as on the issue of relevance and prejudice.

<u>Exhibits Plaintiff may also offer:</u>

1.  Duke medical records

2.  Medical Records as follows.

|  Wilson Prod # | Description |
| --- | --- |
| 1367bi_____ | Bustos office records (Doris and Elwin) |

3. Expert Report of Julian Seifter, M.D.

4. Expert Report of Roozbeh Badii, M.D.

5. Expert Report of Shabir Bhimji, M.D.

6. Expert Report of Michael Hattwick, M.D.

7. Expert Report of Kenneth M. H. Lee, M.D.

8. Expert Report of David Hansen, M.D.

9. Expert Report of Todd Gehr, M.D.

10. Chart of laboratory values.

**Objection as follows:** Defendant also objects to Exhibit Nos. 4, 5, and 6 as the expert reports are redundant of any testimony and contain inadmissible hearsay.

<u>Defendant's List of Exhibits</u>

1. Joint Exhibit - Washington Hospital Center Records (September 3, 2008 – October 29, 2008)

   A. Admission/Discharge

   B. ER records

   C. Progress notes

   D. Orders

   E. Consultations

   F. Radiology

   G. Cardiology

H.  Laboratory

I.  Medications

J.  Procedures/Surgeries

2.  Washington Hospital Center - 11/21/07 - 11/27/07

A.  Admission/Discharge

B.  ER records

C.  Progress notes

D.  Orders

E.  Consultations

F.  Radiology

G.  Cardiology

H.  Laboratory

I.  Medications

J.  Procedures/Surgeries

3.  Washington Hospital Center – 12/11/07 – 12/15/07

A.  Admission/Discharge

B.  ER records

C.  Progress notes

D.  Orders

E.  Consultations

F.  Radiology

G.  Cardiology

    H. Laboratory

    I. Medications

    J. Procedures/Surgeries

4. Medical records of Joseph Quash, Sr., M.D.

5. Office records of Doris and Elwin Bustos

6. Echocardiogram from September 9, 2008

7. Cardiac testing performed at Washington Hospital Center in November – December, 2007.

8. Plaintiff's Opposition to Defendant Doris Pablo-Bustos' Motion to Dismiss (Docket Number: 100).

9. Expert Report of Julian Seifter, M.D.

10. Expert Report of Roozbeh Badii, M.D.

11. Expert Report of Shabir Bhimji, M.D.

12. Expert Report of Albert Beatty, M.D.

13. Expert Report of Carolyn Crawford, M.D.

14. CV – Elwin Bustos, M.D.

15. CV – Doris Pablo-Bustos, M.D.

16. CV – Michael Hattwick, M.D.

17. CV – David Hansen, M.D.

18. CV – Todd Gehr, M.D.

19. CV – Kenneth M.H. Lee, M.D.

20. Anatomical diagrams, charts and illustrations

21. Blow-ups of medical records

22. Any exhibit identified by Plaintiffs

7.    <u>DEPOSITION TESTIMONY</u>

The parties reserve the right to use deposition testimony under the circumstances described in Fed. R. Civ. P. 32.

The Plaintiff intends to offer into evidence the videotaped deposition of Mary Bigelow, pages 4:22 – 8:24.  The Defendant objects for the reasons identified in the pending motion in limine (Docket No.: 113).

The Plaintiff may offer into evidence the videotaped de bene esse deposition of Julian Seifter, M.D.  The Defendant consents to the admission of Dr. Seifter's testimony regarding causation and damages only.  The Defendant objects to Dr. Seifter's testimony regarding standard of care for the reasons stated in the Defendant's pending motion in limine (Docket No.: 114).

8.     <u>DEMONSTRATIVE EVIDENCE</u>

Both parties intend to use medical illustrations, anatomical models and drawings, timelines, and blow-ups of exhibits.

9.     RELIEF SOUGHT

     A.     Plaintiffs – Houston Bigelow and the Estate of Mary Bigelow

Plaintiffs seek recovery or damages for medical expenses in an amount of no less than $_____ (Exact amount being investigated and calculated).   Payable to Estate of Mary Bigelow; perhaps a portion to Houston Bigelow.

     In addition to the medical bills and expense damages, there is the physical pain and suffering that Mary Bigelow endured and the emotional pain and suffering that she suffered. Her estate is seeking compensation for her past, suffering, inconvenience, loss of enjoyment of life, disfigurement, scarring, and disability.  Payable to Estate of Mary Bigelow.

     Houston Bigelow is the widower of Mary Bigelow and he seeks compensation for loss of consortium.  Payable to Houston Bigelow.

     B.     Defendant

Dr. Bustos seeks dismissal of all claims, or alternatively, judgment in his favor.

     In addition, in the in the event that a jury verdict or judgment is entered against Dr. Bustos in this matter, Dr. Bustos will seek a *pro rata* or *pro tanto* reduction.

     In addition, pursuant to D.C. law, the Defendant will seek a reduction of any judgment for economic damages/medical expenses to the amount actually paid by Medicare/Medicaid on behalf of the decedent as requested in the Defendant's pending motion in limine (Docket No.: 112).

10.   <u>PENDING MOTIONS</u>

The motions pending at the present time are:

    A.  Defendant's Motion in Limine to Limit Economic Medical Expense Damages Presented to the Jury to the Amounts Actually Paid by Medicare and Medicaid (Filed: September 16, 2013; Docket No.: 112).

    B.  Defendant's Motion in Limine to Preclude Use of Mary Bigelow's Deposition at Trial (Filed: September 16, 2013; Docket No.: 113).

    C.  Defendant's Motion in Limine to Preclude Standard of Care Testimony of Julian Seifter (Filed: September 16, 2013; Docket No.: 114).

    D.  Plaintiff's Motion in Limine to preclude Defendant from raising negligence or causation of Doris Pablo-Bustos, Washington Hospital Center; from referring to Plaintiff's expert reports; from referring to Dr. Roozbeh Badii's lack of a D.C. license; regarding Houston Bigelow's discharge of Elwin Bustos, M.D.; Joint Tortfeasor status Washington Hospital Center or reference to settlement between Plaintiff and Washington Hospital Center (Filed: September 16, 2013; Docket No.: 115).

11. <u>VOIR DIRE</u>

The parties have attached hereto their requested voir dire.

12. <u>JURY INSTRUCTIONS</u>

The parties have attached hereto their requested jury instructions.

13. <u>VERDICT SHEET</u>

The parties have attached hereto their requested verdict sheet.

14. <u>ESTIMATED LENGTH OF TRIAL</u>

The parties estimate that trial will last 6-7 days.

DATED this 30th day of September, 2013

Respectfully Submitted,


_____/S/_____
John C. Lowe, Esquire (#427019)
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD 20816
***Counsel for the Plaintiffs***


_____/S/_____
Edward A. Gonsalves, Esquire (#425160)
eag@adclawfirm.com
Nicholas G. Hallenbeck, Esquire (#992060)
ngh@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, MD  20850
301-251-0440
***Counsel for Defendant Elwin Bustos, M.D.***
