**Jointly Requested Jury Instructions**

**FUNCTION OF THE COURT** (Instruction 1.01)

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

**FUNCTION OF THE JURY** (Instruction 1.02)

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

**JUROR'S DUTY TO DELIBERATE** (Instruction 1.04)

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

**INSTRUCTIONS TO BE CONSIDERED AS A WHOLE** (Instruction 1.06)

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

**COURT'S COMMENTING ON THE EVIDENCE** (Instruction 1.07)

If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

**COURT'S QUESTIONS TO WITNESSES** (Instruction 1.08)

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

**JURY NOT TO TAKE CUE FROM JUDGE** (Instruction 1.09)

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

**RULINGS ON OBJECTIONS** (Instruction 1.10)

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what

the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer—when I ordered it stricken—you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

**EVIDENCE IN THE CASE** (Instruction 2.01)

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

**INFERENCES** (Instruction 2.03)

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make.

**INADMISSIBLE AND STRICKEN EVIDENCE** (Instruction 2.04)

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question

asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

**STATEMENTS OF COUNSEL** (Instruction 2.05)

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

**JURY'S RECOLLECTION CONTROLS** (Instruction 2.06)

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

**BURDEN OF PROOF** (Instruction 2.08)

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiffs must prove every element of their claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiffs' side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiffs on that issue, then the plaintiffs will have succeeded in carrying the burden of proof on

that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiffs had to prove, then the plaintiffs have not carried the burden of proof and your finding on that issue must be for the defendant.

**EVIDENCE PRODUCED BY ADVERSARY** (Instruction 2.09)

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors him whether he produced it or his adversary produced it.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE** (Instruction 2.10)

There are two types of evidence: direct and circumstantial. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct

evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

### **JURY TO DETERMINE CREDIBILITY OF WITNESSES** (Instruction 3.01)

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in

this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

**EXPERT OPINION** (Instruction 3.03)

You have heard testimony from persons identified as experts. These witnesses are considered experts because their training, skill, experience or education has given them scientific, technical or other specialized knowledge that might assist the jury in understanding the evidence or in determining a fact in issue. Expert witnesses may state an opinion about any matter within their expertise and provide the reasons for the opinion.

Expert testimony should be judged just as any other evidence. You may accept it or reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the expert's credibility and all the other evidence in the case.

In this case there has been a conflict in the testimony of expert witnesses. As reasonable and intelligent people using your own good judgment, you must resolve that conflict and

determine which, if any, of the expert opinions you will accept as accurate. You should consider and weigh the credibility and qualifications of the experts who have testified, the logic of the reasons given in support of their opinions, and other evidence in the case that favors or opposes a given opinion.

**DEPOSITIONS AS EVIDENCE** (Instruction 3.05)

During the trial of this case, certain testimony has been read to you or presented by videotape. You should give to this testimony the same consideration as to its weight and credibility, as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you or presented on videotape.

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS** (Instruction 3.08)

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made the prior inconsistent statement [under oath subject to the penalty of perjury] [at a deposition], then you may also treat that prior statement as evidence in this case--that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness [was not under oath subject to the penalty of perjury] [was not at a

deposition] when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

### **ADOPTING PRIOR INCONSISTENT STATEMENTS** (Instruction 3.09)

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

### **NATURE OF THE MEDICAL MALPRACTICE CLAIM** (Instruction 9.01)

A lawsuit for medical negligence is a claim against a doctor or other health care provider. Plaintiffs claim that Dr. Bustos failed to treat Mrs. Bigelow with the same degree of skill, care or knowledge required of a doctor acting in the same or similar circumstances, and that the doctor's failure was a proximate cause of injury to the plaintiffs.

### **BAD RESULT** (Instruction 9.06)

A doctor is not negligent simply because his efforts are not successful. Unsatisfactory results from treatment or care alone do not determine whether the defendant was negligent in treating Mrs. Bigelow.

However, if the doctor's performance fell below the standard of care and thereby proximately caused plaintiffs' injuries, then the doctor was negligent. In such circumstances, it is no defense to a charge of negligence that the doctor did the best that he could and that those efforts simply were not successful.

**<u>STANDARD OF CARE DETERMINED BY EXPERT TESTIMONY</u>** (Instruction 9.08)

You can only determine the professional standard of care required of the defendant from the testimony of the expert witnesses regarding that standard.

You should consider each expert's opinion and weigh his or her qualifications and the reasons given for each opinion. Give each opinion the weight that you feel it deserves. You must resolve any conflict in the testimony of the witnesses by weighing each of the opinions against the others. Take into consideration the explanations given for each opinion, the facts relied upon by the witness in forming his or her opinion, whether the expert witness has an interest in the outcome of this lawsuit, his or her credibility, and his or her special knowledge, skill, experience, training and education.

**Plaintiffs' Proposed Additional Jury Instructions**

**EVIDENCE IN THE CASE—JUDICIAL NOTICE** (Instruction 2.02)

Another type of evidence includes facts of which I take judicial notice. I may take judicial notice of public acts, places, facts and events which I regard as matters of common knowledge. When I take judicial notice of a particular fact, you may regard that fact as included in the evidence and proven.

**NUMBER OF WITNESSES** (Instruction 3.02)

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

**ELEMENTS OF A NEGLIGENCE CAUSE OF ACTION** (Instruction 5.01)

The plaintiffs allege that the defendant was negligent and is liable for plaintiffs' damages. The plaintiffs must prove that the defendant was negligent and that such negligence was a substantial factor in the cause of the plaintiffs' injuries and damages. The plaintiffs must prove both negligence and damages by a preponderance of the evidence.

**NEGLIGENCE DEFINED** (Instruction 5.02)

Negligence is the failure to exercise ordinary care. To exercise ordinary care means to

use the same caution, attention or skill that a reasonable person would use under similar circumstances. It is negligent to do something that a person using ordinary care would not do. It is also negligent to fail to do something that a person using ordinary care would do.

**PROXIMATE CAUSE DEFINED** (Instruction 5.12)

Let me explain proximate cause. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the injury or damage. Moreover, it must be shown that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.

**CONCURRING CAUSES** (Instruction 5.13)

There may be more than one proximate cause of an injury. That is, several factors or circumstances, or the negligent acts or omissions of two or more persons, may work at the same time, either independently or together, to cause an injury. Each of the contributing acts or omissions is regarded in law as a proximate cause. This is true regardless of whether one of the participating acts or omissions contributed more than another to causing the injury. Each person whose negligent act or omission is a proximate cause of an injury is liable for the resulting injury.

It is no defense that some other person who is not a defendant in this lawsuit participated in causing the injury, even if it should appear to you that the negligence of the other person was greater than the negligence of the defendant.

**DAMAGES—JURY TO AWARD** (Instruction 12.01)

If you find for the plaintiffs, then you must award the plaintiffs a sum of money which will fairly and reasonably compensate them for all the damage which they experienced which

was proximately caused by the defendant.

### **EXTENT OF DAMAGES—PROXIMATE CAUSE** (Instruction 12.02)

The plaintiffs are entitled to damages that the defendant's negligent or wrongful conduct proximately caused. The defendant is liable only for the damages for which its conduct was a substantial contributing factor. If you find that defendant's conduct was a substantial contributing factor for only part of the plaintiffs' damages, then the defendant is liable only for that part.

### **BURDEN OF PROOF—SPECULATIVE DAMAGES** (Instruction 12.03)

The burden of proof is upon the plaintiffs to establish all elements of their damages by a preponderance of the evidence. The plaintiffs must prove their damages with reasonable probability. You may only award the plaintiffs damages for past or present injuries and expenses that are not speculative. Speculative damages are those that might be possible but are remote or based on guesswork.

The plaintiffs do not have to prove their exact damages, however. You may award the plaintiffs damages that are based on a just and reasonable estimate derived from relevant evidence.

### **DAMAGES—ELEMENTS** (Instruction 13.01)

If you find in favor of the plaintiffs, then you should consider whether they are entitled to any damages. You may award damages for any of the following items that you find the defendant's negligence proximately caused:

1. the extent and duration of any physical injuries sustained by Mrs. Bigelow;
2. the effects that any physical injuries have on the overall physical and emotional well-being of the plaintiffs;

    3.    any physical pain and emotional distress that the plaintiff has suffered in the past;

    4.    any emotional distress that Houston Bigelow may suffer in the future from his loss of consortium;

    5.    and any inconvenience the plaintiffs have experienced;

Any damages you might award for physical injury or physical sickness may not be taxable. Any damages that you might award for emotional distress and for all other types of harm may be taxable.

### **MEDICAL TREATMENT—PAST AND PRESENT** (Instruction 13.03)

If you determine that the plaintiffs are entitled to a damage award for medical expenses incurred, then you should consider the reasonable value of all medical services given to Mrs. Bigelow. These medical services can include examinations, tests, and care by physicians and surgeons, services of nurses and attendants, hospital accommodations and care, ambulance services, medications, and any other services which were actually given and reasonably required for Mrs. Bigelow's treatment.

### **LOSS OF CONSORTIUM** (Instruction 13.06)

In addition to other damages which you may consider in this case, Mrs. Bigelow's husband is seeking damages for loss of consortium. Consortium means not only the injured spouse's material services, but also includes love, affection, companionship, sexual relations and other matters generally associated with a marital relationship. A husband or wife is entitled to the other spouse's services, society and companionship.

If you find that Mrs. Bigelow sustained personal injuries which had an adverse effect upon Mr. Bigelow's rights to consortium, then you may award damages to the plaintiffs from the person whose negligence was a substantial factor in the cause of the injuries.

To estimate the amount which would fairly and reasonably compensate Mr. Bigelow for loss of consortium, you should consider the facts of this case in the light of your own experiences.

The services and companionship that a spouse provides may be, and often are, of such character that no witness can say precisely what they are worth. Often, consortium, that is, services and companionship, will have no market value equivalent. Nevertheless, a husband or wife is entitled to receive damages for loss of consortium even if there is no specific testimony about the precise value of an injured spouse's services and companionship.

**AGGRAVATION OF PREEXISTING CONDITION** (Instruction 13.07)

The plaintiffs claim that the defendant's conduct aggravated Mr. Murphy's prior injury or other health condition. To "aggravate" a prior condition is to make it worse by increasing it or intensifying it.

If the defendant's negligence proximately caused the aggravation of Mrs. Bigelow's prior injury or other health condition, then the plaintiffs are entitled to receive damages to the extent that the prior condition has been aggravated.

**SPECIAL SUSCEPTIBILITY** (Instruction 13.08)

If Mrs. Bigelow, because of a prior injury, disability or other condition, was more likely to suffer injury because of the defendant's negligence than a normal person would, then the defendant is responsible for that injury. A defendant may not avoid responsibility for his negligent actions by showing that the injury would have been less serious if it had happened to someone else.

**RECOVERY FOR EMOTIONAL DISTRESS** (Instruction 13.09)

The plaintiffs are seeking damages for emotional distress. You may award damages for

emotional distress if:

    1.    the defendant's negligence was a substantial factor in the cause of a physical injury to the plaintiffs, or

    2.    the plaintiffs were in the zone of danger and the defendant's negligence caused the plaintiffs to fear for their own safety, or

    3.    the defendant's negligence endangered the plaintiffs.

If the plaintiffs suffered no physical injury, then you may award the plaintiffs damages for emotional distress only if the emotional distress is serious and verifiable.

### DAMAGES-ELEMENTS (Instruction 13.01)

If you find in favor of the plaintiffs, then you should consider whether they are entitled to any damages. You may award damages for any of the following items that you find the defendant's negligence proximately caused:

1. the extent and duration of any physical injuries sustained by Mrs. Bigelow;

2. the effects that any physical injuries have on the overall physical and emotional well-being of the plaintiffs;

3. any physical pain and emotional distress that the plaintiff has suffered in the past;

4. any emotional distress that Houston Bigelowouston BigelowHouston Bigelow may suffer in the future from his loss of consortium;

5. and any inconvenience the plaintiffs have experienced;

Any damages you might award for physical injury or physical sickness may not be taxable. Any damages that you might award for emotional distress and for all other types of harm may be taxable.

## AGGRAVATION OF PREEXISTING CONDITION (Instruction 13.07)

The plaintiffs claim that the defendant's conduct aggravated Mr. Murphy's prior injury or other health condition. To "aggravate" a prior condition is to make it worse by increasing it or intensifying it.

If the defendant's negligence proximately caused the aggravation of Mrs. Bigelow's prior injury or other health condition, then the plaintiffs are entitled to receive damages to the extent that the prior condition has been aggravated.

## GENERAL STANDARD OF CARE--NATIONALLY-CERTIFIED SPECIALIST (Instruction 9.07)

[Defendant] is a nationally-certified specialist in [insert specialty]. The standard of care for a nationally-certified specialist is to have and use the same degree of care, skill and learning that are ordinarily possessed and used by a nationally-certified specialist in [insert specialty] acting in a reasonable and prudent manner in the same or similar circumstances.

Internal medicine.

**Defendant's Suggested Additional Jury Instructions**

Defendant objects to all other jury instructions proposed by the Plaintiff on the grounds that the evidence does not support the proposed instruction, or because the proposed instruction is ambiguous, confusing or redundant.

**SIGNIFICANCE OF PARTY DESIGNATIONS** (Instruction 1.03)

During the course of the trial, you [have heard] [will hear] references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that [his] [her] evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of [his] [her] claim against a defendant by a preponderance of the evidence before [he] [she] is entitled to prevail.

**ATTITUDE AND CONDUCT OF JURORS** (Instruction 1.05)

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

**EQUALITY OF LITIGANTS—INDIVIDUALS** (Instruction 1.12)

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a

violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons stand equal before the law and must be treated as equals in this court.

### PROFESSIONAL LIABILITY--ELEMENTS OF CLAIM (Instruction 9.03)

To be entitled to your verdict, the plaintiff must prove by a preponderance of the evidence:

(1) What standard of skill and care do reasonably competent professionals follow when acting under the same or similar circumstances;

(2) That the defendant, Dr. Elwin Bustos, did not follow that standard of skill and care; and

(3) That by not following that standard of skill and care, Dr. Elwin Bustos's conduct was a proximate cause of injury to the plaintiff.

### PROFESSIONAL LIABILITY--PROXIMATE CAUSE--SUBSTANTIAL FACTOR (Instruction 9.04)

I will now define the term "proximate cause." A "proximate cause" of an injury is a cause which is a substantial factor in bringing about the injury. When I say that the cause has to be a "substantial factor," I mean that the defendant's conduct must have such an effect in producing the harm, so that a reasonable person would regard the conduct as a cause of the harm.

If the plaintiff would have sustained the same injury even if the defendant's conduct had not been negligent, then the defendant's conduct is not a substantial factor in causing the harm.

**GENERAL STANDARD OF CARE--NATIONALLY-CERTIFIED SPECIALIST**

(Instruction 9.07)

Dr. Elwin Bustos is a nationally-certified specialist in internal medicine. The standard of care for a nationally-certified specialist is to have and use the same degree of care, skill and learning that are ordinarily possessed and used by a nationally-certified specialist in internal medicine acting in a reasonable and prudent manner in the same or similar circumstances.