# INTRODUCTION REMARKS TO JURY PANEL

Good morning, ladies and gentlemen. Welcome to Courtroom 27. I am Judge Wilkins and I will be the presiding judge in this case. You have been called to this courtroom for possible selection as a juror in a case entitled <u>Houston Bigelow vs. Elwin Bustos, M.D</u>.

First, I want to introduce you to the court employees and tell you what you'll be doing. Assisting me are Ms. Terri Barrett, the Courtroom Deputy Clerk, whom you have met; _____, the court reporter—s/he is not a news reporter with the press but a court reporter who will keep a record of the proceedings for me and for people involved in this trial. Also, over there is Clair Kwon, one of my law clerks. I will introduce the lawyers and the parties in a moment.

You are here because we must select from among you eight people to serve as jurors to hear a civil case. The purpose of jury selection is to select jurors who have no prior knowledge of the case and no bias toward either side in the case. Your role as jurors is a fundamental part of our system of justice and dates to medieval England where trial by jury provided a method to resolve disputes equitably and not by an edict from the King.

Over 200 years ago, when the framers of our Constitution designed our judiciary, they guaranteed the rights of parties in certain kinds of civil suits to have a jury of their peers decide the outcome. This right to a jury is so important, it is incorporated into the Bill of Rights in the Seventh Amendment.[1] The framers would not let the resolution of civil lawsuits be made by an elected politician or other government official. They designed it

---

[1] Amendment VII (ratified Dec. 15, 1791): "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

so that the decision would be made by fair and impartial citizens in the community, based upon the evidence presented in the courtroom and the law as the Judge instructs. Serving on a jury is one of the most important duties and services that we perform as citizens—in addition to voting and serving in the military. Thank you all for being here.

    The lawyers and I have the lists bearing your name and address, juror number, age, and occupation. To help the parties learn more about you, so they can select the jurors who will hear their case, I will be asking you questions. There are no right or wrong answers, only truthful ones.

    You all should now have an index card and a pen or pencil. Please write the last 4 digits from your juror number in the upper right hand corner of the index card. I will ask you a series of questions that can be answered with a yes or no. If you have a

"yes" answer to a particular question, please put a check or mark next to the number of the question on your paper. You do not have to put down **why** you have a "yes" answer. I will hear your reason for any "yes" answer after I have finished asking all of the questions. At that time, I will follow-up with each of you individually in the jury room. You will give me your index card and state your jury number, and I will ask you why you answered particular questions "yes." If you had any "yes" answers, you will have the opportunity to provide the details to the lawyers and me in the jury room.[2]

    We will be calling you by your juror number, not by your name. We've found that many jurors prefer having just their number used in open court, and it is easier for us to keep track of answers by writing a number rather than a whole name.

---

[2] DC CR JI 1.101

When the questioning ends, I will determine whether any prospective juror should be excused for cause. Then the lawyers will have a chance to make their selections. We will then empanel the jury to hear this case. The jurors selected will receive more instructions about the trial before it begins. Those who are not selected will return to the juror lounge.

Before we begin the questioning, I will ask Ms. Barrett, my courtroom deputy clerk, to administer the oath.

## ADMINISTER OATH

## WILL THE CLERK PLEASE SWEAR THE JURY PANEL.

**(CLERK swears panel.)**

## AFTER VENIRE SWORN

Now that you have been sworn, we are about to begin a procedure called "voir dire." The term "voir dire" is a legal term that comes from the French language, and means to "speak

truthfully." This is the time at the beginning of a trial when a jury is selected, and when I will be asking you some questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury.

You are bound by the oath you have just taken to "<u>speak truthfully</u>" in response to those questions. Some of the questions I ask may seem to address matters which are very personal to you. Please understand, ladies and gentlemen, it is not my intention or desire—and it is not the desire of the lawyers—to invade your privacy or to embarrass you. Our only wish is to select the fairest, most impartial jury possible. Each of the parties has a vital interest in this matter, and wants to be assured that jurors will have no biases or prejudices about this case, and that the verdict which is returned will be based only on the law and the evidence. It is important that you be entirely

straightforward with us in your responses so that we may more easily select the jury for this case.

While I speak to each of you individually, the rest of you will wait here in the courtroom. Please feel free while you are waiting, if you wish, to talk quietly among yourselves, or to read a book or magazine that you might have brought with you.

I want to warn you that, unfortunately, this will be the first of many times during the trial when, if you are selected as a juror, you will spend some time waiting. I will try to keep your waiting to a minimum but it cannot always be helped.

## CASE DESCRIPTION

This is a case of alleged medical malpractice. The plaintiff is Houston Bigelow, who brings this action individually and as

the personal representative of the Estate of Mary Bigelow.  The defendant is Elwin Bustos, M.D.

The plaintiffs allege that Dr. Bustos was negligent for failing to order and obtain the results of an electrolyte panel test between September 3, 2008, and September 5, 2008, and a "STAT" order on September 5, 2008, at Washington Hospital Center.  The plaintiffs further allege that as a result of Dr. Bustos' failure to order an electrolyte panel test and obtain its results prior to September 5, 2008, and as a "STAT" order on September 5, 2008, Mary Bigelow suffered a cardiac arrest and renal failure.  Mrs. Bigelow died on September 9, 2010, but there is no claim for death that is part of this lawsuit.

The defendant denies the plaintiffs' allegations.

*     *     *     *     *

Now I will begin asking the questions, so please get your pens and paper ready.

IF YOU ANSWER "YES" TO ANY QUESTION THAT I ASK, PLEASE MARK THE NUMBER OF THE QUESTION ON YOUR SHEET OF PAPER. After I finish asking the questions, I will ask you to come to the jury room to talk to you about the question and your answer. Some questions have more than one part so I will tell you the number of the question to help you keep track of where you are on the question sheet.